ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF ANDERSON | C.A. No. 2021-CP-04- 00996 |

Trehel Corporation,

                                  Plaintiff,

        v.

National Fire and Marine Insurance
Company, First Specialty Insurance Corp.,
Frankenmuth Mutual Insurance Company,
Employers Insurance Company of Wausau,
Liberty Mutual Fire Insurance Company,
Navigators Specialty Insurance Company,
Peleus Insurance Company, Nationwide
Mutual Fire Insurance Company, Atain
Specialty Insurance Company f/k/a USF
Insurance, Selective Insurance Company of
South Carolina,  American Guarantee and
Liability Insurance Company, Carl Catoe
Construction, Inc., Environmental
Materials, LLC d/b/a Environmental
Stoneworks, P&L Enterprises, LLC,

                                Defendants.

**SUMMONS**

**TO:    ABOVE-NAMED DEFENDANTS:**

YOU ARE HEREBY summoned and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscribers at their offices, 55 Beattie Place, Suite 1050, P.O. Box 1887, Greenville, South Carolina, 29602 within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court and judgment by default will be rendered against you for the relief demanded in the Complaint.

**SIGNATURE BLOCK ON NEXT PAGE**

ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

Respectfully submitted,

s/Alan G. Jones
L. Franklin Elmore (S.C. Bar No. 1889)
Alan G. Jones (S.C. Bar No. 100141)
Elmore Goldsmith Kelley & deHoll, P.A.
55 Beattie Place, Suite 1050 (29601)
Post Office Box 1887
Greenville, South Carolina 29602
Telephone: (864) 255-9500
Facsimile: (864) 255-9505
felmore@elmoregoldsmith.com
ajones@elmoregoldsmith.com
*Attorneys for Plaintiff*

May 27, 2021
Greenville, South Carolina

ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF ANDERSON | ) | C.A. No. 2021-CP-04-_00996 |
| | ) | |
| Trehel Corporation, | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | **(Jury Trial Demanded)** |
| | ) | |
| v. | ) | |
| | ) | |
| National Fire and Marine Insurance | ) | |
| Company, First Specialty Insurance Corp., | ) | |
| Frankenmuth Mutual Insurance Company, | ) | |
| Employers Insurance Company of Wausau, | ) | |
| Liberty Mutual Fire Insurance Company, | ) | |
| Navigators Specialty Insurance Company, | ) | |
| Peleus Insurance Company, Nationwide | ) | |
| Mutual Fire Insurance Company, Atain | ) | |
| Specialty Insurance Company f/k/a USF | ) | |
| Insurance, Selective Insurance Company of | ) | |
| South Carolina, American Guarantee and | ) | |
| Liability Insurance Company, Carl Catoe | ) | |
| Construction, Inc., Environmental | ) | |
| Materials, LLC d/b/a Environmental | ) | |
| Stoneworks, P&L Enterprises, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Trehel Corporation, complaining of the defendants would respectfully allege and show unto the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.   Trehel Corporation (hereinafter referred to as "Trehel") is a corporation organized and existing pursuant to the laws of the State of South Carolina and at all material times herein conducted business in Anderson County, South Carolina.

2.   National Fire and Marine Insurance Company (hereinafter referred to as "National Fire") is an insurance company organized and existing under the laws of the State of Nebraska

ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

which writes insurance policies, including policies which cover property and interests located in South Carolina.

3.     First Specialty Insurance Corporation (hereinafter referred to as "First Specialty") is an insurance company organized and existing under the laws of the State of Missouri which writes insurance policies, including policies which cover property and interests located in South Carolina.

4.     Frankenmuth Mutual Insurance Company (hereinafter referred to as "Frankenmuth") is an insurance company organized and existing under the laws of the State of Michigan which writes insurance policies, including policies which cover property and interests located in South Carolina.

5.     Employers Insurance Company of Wausau (hereinafter referred to as "Wausau") is an insurance company organized and existing under the laws of the State of Wisconsin which writes insurance policies, including policies which cover property and interests located in South Carolina.

6.     Liberty Mutual Fire Insurance Company (hereinafter referred to as "Liberty Mutual") is an insurance company organized and existing under the laws of the State of Wisconsin which writes insurance policies, including policies which cover property and interests located in South Carolina.

7.     Navigators Specialty Insurance Company (hereinafter referred to as "Navigators") is an insurance company organized and existing under the laws of the State of New York which writes insurance policies, including policies which cover property and interests located in South Carolina.

ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

8.     Peleus Insurance Company (hereinafter referred to as "Peleus") is an insurance company organized and existing under the laws of the State of Virginia which writes insurance policies, including policies which cover property and interests located in South Carolina.

9.     Nationwide Mutual Fire Insurance Company (hereinafter referred to as "Nationwide") is an insurance company organized and existing under the laws of the State of Ohio which writes insurance policies, including policies which cover property and interests located in South Carolina.

10.     Atain Specialty Insurance Company f/k/a USF Insurance (hereinafter referred to as "Atain") is an insurance company organized and existing under the laws of the State of Michigan which writes insurance policies, including policies which cover property and interests located in South Carolina.

11.     Selective Insurance Company of South Carolina (hereinafter referred to as "Selective") is an insurance company organized and existing under the laws of the State of Indiana which writes insurance policies, including policies which cover property and interests located in South Carolina.

12.     American Guarantee and Liability Insurance Company (hereinafter referred to as "AGLIC") is an insurance company organized and existing under the laws of the State of New York which writes insurance policies, including policies which cover property and interests located in South Carolina.

13.     All insurance companies defined in paragraphs 2 through 13 above may hereinafter be collectively referred to as "Insurers".

ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

14.     Carl Catoe Construction, Inc. (hereinafter referred to as "Catoe") is a corporation organized and existing pursuant to the laws of the State of South Carolina and at all material times herein conducted business in Anderson County, South Carolina.

15.     Environmental Materials, LLC d/b/a Environmental Stoneworks (hereinafter referred to as "Environmental") is a limited liability company organized and existing pursuant to the laws of the State of Delaware and at all material times herein conducted business in Anderson County, South Carolina.

16.     P&L Enterprises, LLC (hereinafter referred to as "P&L") is a limited liability company organized and existing pursuant to the laws of the State of Delaware and at all material times herein conducted business in Anderson County, South Carolina.

17.     All entities described in paragraphs 15 through 17 may hereinafter be collectively referred to as "Subcontractors".

18.     This is partially an action for declaratory relief pursuant to S.C. Code §§ 15-43-10 et. seq.

19.     In accordance with S.C. Code § 15-53-80, all of the parties herein are proper parties to this action in that each has or claims an interest that would be affected by the requested declaration.

20.     Venue is appropriate in Anderson County, South Carolina because the incidents at issue in the Underlying Action (defined herein) are alleged to have occurred in Anderson County, South Carolina.

21.     This Court has jurisdiction over the subject matter of this action and the parties hereto.

ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

## FACTUAL BACKGROUND

22.     Between 2005 and 2006, Trehel constructed a condominium development known as the Overlook Condominiums which are located in Anderson, South Carolina (referred to as "the Project").

23.     Upon information and belief, the Subcontractors were responsible for performing certain work on the Project.

24.     Trehel, along with the Subcontractors, has been sued in the Anderson County Court of Common Pleas for alleged defects in the construction of the Project in a matter captioned, "Overlook Horizontal Property Regime Homeowner's Association, Inc. et al. v. Trehel Corporation, et al.," C.A. No. 2018-CP-04-01787 (referred to as "the Underlying Action").  A copy of the operative complaint in the Underlying Action is attached as **Exhibit 1**.

25.     In the Underlying Action, the underlying plaintiffs allege that defects occurred at the Project as a result of the work of Trehel and the Subcontractors.

26.     Each of the Subcontractors entered into a subcontract with Trehel to perform certain work at the Project.  The subcontracts required the Subcontractors to:

    i.      Maintain commercial general liability insurance coverage;

    ii.     Name Trehel as an additional insured on the insurance policies; and

    iii.    Defend, indemnify and hold harmless Trehel with respect to any claims
            asserted against it arising out of the work on the Project.

ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

27. Pursuant to the requirements of the subcontracts, Subcontractors obtained the following policies of insurance issued by the Insurers:

| Subcontractor | Insurer | Policy Number(s) | Policy Period |
|---|---|---|---|
| Catoe | National Fire | 72LPS002130 | 8/15/06-8/15/07 |
| | First Specialty | IRG10534 | 8/15/07-1/1/08 |
| | Frankenmuth | CPP6007823 | 1/1/08-1/1/13 |
| Environmental | Wausau/Liberty Mut. | TZCZ91428500056 | 4/1/06-4/1/07 |
| | | TZCZ91428500057 | 4/1/07-4/1/08 |
| | | TZCZ91428500058 | 4/1/08-4/1/09 |
| | AGLIC | AUC5345515-01 | 4/1/06-4/1/07 |
| | | AUC5345515-02 | 4/1/07-4/1/08 |
| | Navigators | NY14CUL135251C | 9/1/14-9/1/15 |
| | | 1S15CGL1358251C | 9/1/15-9/1/16 |
| | | GA16CGL1358251C | 9/1/16-9/1/17 |
| | Peleus | 103 GL 0019422-00 | 9/1/17-9/1/18 |
| | | 103 GL 0019422-01 | 9/1/18-9/1/19 |
| P&L | Nationwide | 61PR8722023001 | 6/13/06-6/13/08 |
| | Atain | LGBGL64551 | 7/30/08-7/30/09 |
| | Selective | S2084074 | 09/03/09-09/03/19 |
| | | 21913343 | 9/03/14-9/03/19 |
| | | S1908764 | 09/03/09-09/03/19 |

ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

28.     All policies of insurance identified in paragraph 28 are hereinafter collectively referred to as "the Policies".

29.     Upon information and belief, Trehel is either specifically named or otherwise qualifies as an additional insured on each of the Policies.

30.     Likewise, each of the Policies provide coverage for the Subcontractors' contractual liability to Trehel, including the Subcontractors' obligations to defend and indemnify Trehel.

31.     Trehel promptly notified Insurers of the claims in the Underlying Action, requested coverage and defense under the Policies, and provided to Insurers information regarding the claims in the Underlying Action.

32.     Trehel has filed cross-claims for contractual indemnity, among other causes of action, against Subcontractors in the Underlying Action. A copy of the operative Trehel pleading in the Underlying Action is attached as **Exhibit 2**.

33.     Insurers have either improperly denied or failed to acknowledge Trehel's request for coverage and defense in the Underlying Action.

34.     Due to Insurer's bad faith denials of coverage and/or lack of response to Trehel's request, Insurers have compelled Trehel to institute this lawsuit in order to recover the amounts it is reasonably due or payable with respect to the Underlying Action which have arisen under the Policies.

## FOR A FIRST CAUSE OF ACTION - DECLARATORY JUDGMENT

35.     Trehel incorporates herein by reference the allegations contained in paragraphs 1-34 above.

ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

36.     The Underlying Action seeks damages that are covered by the Policies issued by Insurers and have triggered duties owed by the Insurers to Trehel under the Policies, including the Insurers' duties to defend and indemnify Trehel.

37.     Insurers have either improperly denied or failed to acknowledge Trehel's request for coverage and defense in the Underlying Action.

38.     Insurers have failed to adequately reserve their rights to contest coverage either by not reserving their rights at all or by providing Trehel with ambiguous, generic denials of coverage, coupled with cut-and-paste provisions from the Policies. Therefore, the Insurers should be precluded from contesting coverage as it applies to their duty to defend and/or indemnify Trehel in the Underlying Action.

39.     Trehel seeks entry of a Declaratory Judgment declaring the rights and obligations of the Insurers under the Policies with respect to the Underlying Action as follows:

      a.     That the Underlying Action sets forth claims that are covered under additional insured provisions and/or contractual indemnity provisions under each of the Policies;

      b.     That the Insurers have an immediate duty to defend and indemnify Trehel with respect to the Underlying Action; and

      c.     That Insurers have failed to adequately reserve the right to contest coverage under the Policies and are thus precluded from doing so.

40.     Trehel as an additional insured under the Policies is entitled to the recovery of its costs and attorney's fees in the present declaratory judgment action.

ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

## FOR A SECOND CAUSE OF ACTION –
### BREACH OF CONTRACT

41.    Trehel incorporates herein by reference the allegations contained in paragraphs 1-40 above.

42.    Trehel demanded that Insurers for Subcontractors defend and indemnify it for the claims that are subject to the Underlying Action pursuant to the Policies.

43.    Insurers have either improperly denied or failed to acknowledge Trehel's request for coverage and defense in the Underlying Action and, thus, have breached their contractual obligations owed to Trehel as an insured.

44.    Said breach has resulted in damage to Trehel in the amount of defense fees and costs, including, but not limited to, expert costs.

45.    As a direct and proximate cause of Insurers' failure to fulfill their contractual obligation to defend and/or indemnify Trehel, Trehel has suffered nominal, actual, and consequential damages in an amount to be determined by the Court and jury in this matter.

## FOR A THIRD CAUSE OF ACTION –
### BAD FAITH

46.    Trehel incorporates herein by reference the allegations contained in paragraphs 1-45 above.

47.    The Insurers owed a duty to fully and properly investigate Trehel's claim and to defend and indemnify Trehel for the claims asserted in the Underlying Action covered under their Policies.

48.    The Insurers owed a duty of good faith and fair dealing not only in the payment of Trehel's claim arising out of the insurance contract but also in the manner in which it was processed and handled.

49.    The Insurers breached the aforementioned duty of good faith and fair dealing, duty to defend, and duty to indemnify its insured, Trehel, by unreasonably failing to comply with its

ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

acknowledged/accepted defense obligation timely, failing to defend Trehel, failing to respond to Trehel's tender for defense and indemnity and/or denying coverage.

50.    The refusal of the Insurers to properly investigate, defend, indemnify, negotiate, and participate in the settlement of the Underlying Action on Trehel's behalf, or to take any actions to protect the interests of Trehel, constitute bad faith towards its insured and proximately damaged them. Said conduct by the Insurers entitles Trehel to an award of actual, consequential, and punitive damages, together with an award of attorneys' fees from the Insurers.

**FOR A FOURTH CAUSE OF ACTION –
INDEMNITY/CONTRIBUTION**

51.    Trehel incorporates herein by reference the allegations contained in paragraphs 1-50 above.

52.    Any liability suffered by Trehel as a defendant in the Underlying Action relates solely to the action of Subcontractors who are Insurers' named insureds.

53.    Any liability suffered by Trehel is attributable to, and should be borne solely by, Insurers, as the Subcontractors' Insurers.

WHEREFORE, Trehel prays as follows:

(1)    For a jury trial;

(2)    For a judicial declaration that the Policies issued by Insurers obligate Insurers to defend and indemnify Trehel for the claims asserted against it in the Underlying Action;

(3)    For judgment against Insurers for actual, consequential, and punitive damages;

(4)    For its attorneys' fees and the costs of this action; and

(5)    For any such other and further relief as this Court shall deem just and proper.

**SIGNATURE BLOCK ON NEXT PAGE**

ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

Respectfully submitted,

s/Alan G. Jones
L. Franklin Elmore (S.C. Bar No. 1889)
Alan G. Jones (S.C. Bar No. 100141)
Elmore Goldsmith Kelley & deHoll, P.A.
55 Beattie Place, Suite 1050 (29601)
Post Office Box 1887
Greenville, South Carolina 29602
Telephone: (864) 255-9500
Facsimile: (864) 255-9505
felmore@elmoregoldsmith.com
ajones@elmoregoldsmith.com
*Attorneys for Plaintiff*

May 27, 2021
Greenville, South Carolina

ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

# EXHIBIT

# 1

STATE OF SOUTH CAROLINA
COUNTY OF ANDERSON

Overlook Horizontal Property
Regime Homeowner's Association,
Inc.; and Kenneth Cochran and Miki
Cochran, on behalf of themselves
and others similarly situated;

       *Plaintiffs,*

   v.

Trehel Corporation; Outerbanks of
Lake Hartwell, LLC; Signature
Architects, LLC; Environmental
Materials, LLC d/b/a Environmental
Stoneworks; John Does 2–20; Carl
Catoe Construction, Inc. n/k/a Ellis
Homes, LLC; Builders FirstSource
Southeast Group, LLC; P&L
Enterprises, LLC; Diego Avalos-
Rojas; Iris Morales; Marco Antonio
Hernandez Vidales; Gerardo Ochoa
Munoz; Valentin Morales Jimenez;
Tabares Incorporated; Adan Castro;
Herberto Aureo Arcos Hernandez
a/k/a Herbelio Arcos Hernandez;
Delfino Jacobo Mares; Delfino
Construction; Ambrosio Martinez-
Ramirez a/k/a Ambrocio Martinez-
Ramirez; Javier Francisco Zarate
a/k/a Francisco Javier Zarate d/b/a
Zarate Construction; Luis Sierra
a/k/a Luis Lopez Sierra; Sergio
Vargas; Rodolfo Cruz; VMS
Construction; Martin's Roofing; and
Jamie Padilla; John Does 38-40; and
John Does 41-50;

       *Defendants.*

COURT OF COMMON PLEAS
TENTH JUDICIAL CIRCUIT

C.A. No. 2018-CP-04-01787

**THIRD AMENDED SUMMONS**
(Jury Trial Demanded)

**TO: ALL DEFENDANTS ABOVE-NAMED**

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

YOU ARE HEREBY SUMMONED and required to answer the Third Amended Complaint in this action, a copy of which is herewith served upon you and to serve a copy of your Answer to said Third Amended Complaint on the subscriber at her office, Thomason and Pracht, LLP, 303 E. Greenville Street, Anderson, South Carolina 29621, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to appear and defend the action as required by law, judgment by default will be rendered against you for the relief demanded in the Third Amended Complaint.

**CAPELL THOMSON, LLC**

s/ Charles W. Thomson
Glynn L. Capell (16552)
P.O. Box 1559
Bluffton, SC 29910
GCapell@CapellLaw.com

Charles W. Thomson (101471)
321 East Bay Street
Charleston, SC 29401
CThomson@CapellLaw.com
(843) 501-0423 (both offices)
   – And –
**ALFORD LAW FIRM, LLC**
Gregory M. Alford (6932)
P.O. Drawer 8008
Hilton Head Island, SC 29938
gregg@alfordlawsc.com
(843) 842-5500
   – And –
**THOMASON AND PRACHT, LLP**
Nancy Jo Thomason (64920)
P.O. Box 4025
Anderson, SC 29622
nancyjo@864law.com
(864) 226-7222
**Attorneys for Plaintiffs**

December 6, 2019

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

STATE OF SOUTH CAROLINA

COUNTY OF ANDERSON

Overlook Horizontal Property
Regime Homeowner's Association,
Inc.; and Kenneth Cochran and Miki
Cochran, on behalf of themselves
and others similarly situated;

> *Plaintiffs*,

> v.

Trehel Corporation; Outerbanks of
Lake Hartwell, LLC; Signature
Architects, LLC; Environmental
Materials, LLC d/b/a Environmental
Stoneworks; John Does 2–20; Carl
Catoe Construction, Inc. n/k/a Ellis
Homes, LLC; Builders FirstSource
Southeast Group, LLC; P&L
Enterprises, LLC; Diego Avalos-
Rojas; Iris Morales; Marco Antonio
Hernandez Vidales; Gerardo Ochoa
Munoz; Valentin Morales Jimenez;
Tabares Incorporated; Adan Castro;
Herberto Aureo Arcos Hernandez
a/k/a Herbelio Arcos Hernandez;
Delfino Jacobo Mares; Delfino
Construction; Ambrosio Martinez-
Ramirez a/k/a Ambrocio Martinez-
Ramirez; Javier Francisco Zarate
a/k/a Francisco Javier Zarate d/b/a
Zarate Construction; Luis Sierra
a/k/a Luis Lopez Sierra; Sergio
Vargas; Rodolfo Cruz; VMS
Construction; Martin's Roofing; and
Jamie Padilla; John Does 38-40; and
John Does 41-50;

> *Defendants.*

COURT OF COMMON PLEAS

TENTH JUDICIAL CIRCUIT

C.A. No. 2018-CP-04-01787

**THIRD AMENDED COMPLAINT**
(Jury Trial Demanded)

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

The Plaintiffs—Overlook Horizontal Property Regime Homeowner's Association, Inc.; and Kenneth Cochran and Miki Cochran, on behalf of themselves and others similarly situated—complaining of the Defendants above named, would respectfully show unto this Honorable Court as follows:

1. This lawsuit involves construction and design defects, and breaches of fiduciary duty, arising from the design, construction, and sale of a property regime in Anderson, South Carolina referred to as Overlook Condominiums (the "Subject Property"). The Subject Property includes seven residential buildings comprising 147 single-family condominium units total, a clubhouse, roadways, parking, and other amenities. Defendants designed and constructed the Subject Property from in or around 2005 until in or around 2006. Defendant Outerbanks of Lake Hartwell, LLC remained involved with the management and finances of the Subject Property until in or around 2011 when it turned the Subject Property over to the individual owners of the residential units.

## PARTIES AND JURISDICTION

1. Plaintiff Overlook Horizontal Property Regime Homeowner's Association, Inc. (the "Association") is a nonprofit organization organized and existing pursuant to the laws of the State of South Carolina. It administers Overlook Horizontal Property Regime.

2. Plaintiffs Kenneth Cochran and Miki Cochran (the "Cochrans") are the owners of real property located at 90 Lookover Drive, Anderson, Anderson County, South Carolina (Overlook Unit 612). Pursuant to the Master Deed and/or ByLaws, this property is a unit of the Subject Property, the Cochrans are members of Overlook Horizontal Property Regime.

3. By virtue of their ownership of a condominium unit contained within the Horizontal Property Regime, the Cochrans own an undivided interest in the common elements and limited common elements of all buildings contained within the Association as tenants-in-common.

4. Defendant Trehel Corporation is, upon information and belief, a corporation organized and existing pursuant to the laws of the State of

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

South Carolina and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

5. Defendant Outerbanks of Lake Hartwell, LLC (hereinafter "Developer") is, upon information and belief, a limited liability company organized and existing pursuant to the laws of the State of South Carolina and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

6. Defendant Signature Architects, LLC is, upon information and belief, a limited liability company organized and existing pursuant to the laws of the State of South Carolina and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

7. Defendant Environmental Materials, LLC d/b/a Environmental Stoneworks is, upon information and belief, a limited liability company organized and existing pursuant to the laws of the State of Delaware, that is authorized to conduct business in South Carolina, and that did conduct business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

8. The Defendant Environmental Materials, LLC d/b/a Environmental Stoneworks was previously substituted for D&D Masonry Services, Inc. and John Doe 1 *nunc pro tunc.*

9. Each Defendant John Doe 2–20 is an individual, entity, or entities, domiciled and/or operating under the laws of one of the United States of America that participated in the construction of the Subject Property by installing or overseeing the installation of masonry, flashings, or other related appurtenances. Each John Doe 2–20 is a party "whose true name is unknown." John Does 2–20 are named pursuant to Rule 10(a)(1), SCRCP, and Plaintiffs will amend this pleading when any or all of their true names are discovered.

10. Defendant Carl Catoe Construction, Inc. n/k/a Ellis Homes, LLC, upon information and belief, formerly existed as a South Carolina corporation, and now does business as a limited liability company, organized and existing pursuant to the laws of the State of South Carolina, and

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

11.  Upon information and belief, Ellis Homes, LLC is a successor in interest to and/or is amalgamated with Carl Catoe Construction, Inc. in that it involves the same people, performing the same type of work, from the same location, and because the entities are characterized by one or more of the following:

    a) the legal distinction between the two entities is blurred;

    b) there was an agreement for Ellis Homes, LLC to assume the debts of Carl Catoe Construction, Inc.;

    c) the two entities were or are consolidated;

    d) Ellis Homes, LLC is a mere continuation of Carl Catoe Construction, Inc.; and

    e) the transfer from one company to the other was fraudulent in fact.

12.  The Defendant Carl Catoe Construction, Inc. n/k/a Ellis Homes, LLC was previously substituted for John Doe 21 *nunc pro tunc*.

13.  Defendant Builders FirstSource Southeast Group, LLC is, upon information and belief, a limited liability company organized and existing pursuant to the laws of the State of Delaware, that is authorized to conduct business in South Carolina, and that did conduct business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

14.  The Defendant Builders FirstSource Southeast Group, LLC was previously substituted for John Doe 22 *nunc pro tunc*.

15.  Defendant P&L Enterprises, LLC is, upon information and belief, a limited liability company organized and existing pursuant to the laws of the State of Delaware, that is authorized to conduct business in South Carolina, and that did conduct business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

16.  The Defendant P&L Enterprises, LLC was previously substituted for John Doe 23 *nunc pro tunc*.

THIRD AMENDED COMPLAINT

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

17.  Defendant Diego Avalos-Rojas is, upon information and belief, an individual who was domiciled in South Carolina and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

18.  Defendant Iris Morales is, upon information and belief, an individual who was domiciled in South Carolina and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

19.  Defendant Marco Antonio Hernandez Vidales is, upon information and belief, an individual who was domiciled in South Carolina and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

20.  Defendant Gerardo Ochoa Munoz is, upon information and belief, an individual who was domiciled in South Carolina and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

21.  Defendant Valentin Morales Jimenez is, upon information and belief, an individual who was domiciled in South Carolina and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

22.  The newly named Defendants Diego Avalos-Rojas; Iris Morales; Marco Antonio Hernandez Vidales; Gerardo Ochoa Munoz; and Valentin Morales Jimenez are hereby substituted for John Doe 37 nunc pro tunc.

23.  Defendant Tabares Incorporated is, upon information and belief, a corporation organized and existing pursuant to the laws of the State of South Carolina and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

24.  The Defendant Tabares Incorporated was previously substituted for John Doe 24 *nunc pro tunc*.

25.  Defendant Adan Castro is, upon information and belief, an individual domiciled in South Carolina and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

26. The Defendant Adan Castro was previously substituted for John Doe 25 *nunc pro tunc.*

27. Defendant Herberto Aureo Arcos Hernandez a/k/a Herbelio Arcos Hernandez is, upon information and belief, an individual domiciled in South Carolina and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

28. The Defendant Herberto Aureo Arcos Hernandez a/k/a Herbelio Arcos Hernandez was previously substituted for John Doe 26 *nunc pro tunc.*

29. Defendant Delfino Jacobo Mares is, upon information and belief, an individual domiciled in South Carolina and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

30. The Defendant Delfino Jacobo Mares was previously substituted for John Doe 27 *nunc pro tunc.*

31. Defendant Delfino Construction is, upon information and belief, a sole proprietorship or unincorporated business organization, domiciled in and with a principal place of business in South Carolina, and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

32. The Defendant Delfino Construction was previously substituted for John Doe 28 *nunc pro tunc.*

33. Defendant Ambrosio Martinez-Ramirez a/k/a Ambrocio Martinez-Ramirez is, upon information and belief, an individual domiciled in South Carolina and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

34. The Defendant Ambrosio Martinez-Ramirez a/k/a Ambrocio Martinez-Ramirez was previously substituted for John Doe 29 *nunc pro tunc.*

35. Defendant Javier Francisco Zarate a/k/a Francisco Javier Zarate d/b/a Zarate Construction is, upon information and belief, an individual doing business as a sole proprietorship or unincorporated business organization, domiciled in and with a principal place of business in South

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

Carolina, and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

36. The Defendant Javier Francisco Zarate a/k/a Francisco Javier Zarate d/b/a Zarate Construction was previously substituted for John Doe 30 *nunc pro tunc.*

37. Defendant Luis Sierra a/k/a Luis Lopez Sierra is, upon information and belief, an individual domiciled in South Carolina and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

38. The Defendant Luis Sierra a/k/a Luis Lopez Sierra was previously substituted for John Doe 31 *nunc pro tunc.*

39. Defendant Sergio Vargas is, upon information and belief, an individual domiciled in South Carolina and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

40. The Defendant Sergio Vargas was previously substituted for John Doe 32 *nunc pro tunc.*

41. Defendant Rodolfo Cruz is, upon information and belief, an individual domiciled in South Carolina and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

42. The Defendant Rodolfo Cruz was previously substituted for John Doe 33 *nunc pro tunc.*

43. Defendant VMS Construction is, upon information and belief, a sole proprietorship or unincorporated business organization, domiciled in and with a principal place of business in South Carolina, and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

44. The Defendant VMS Construction was previously substituted for John Doe 34 *nunc pro tunc.*

45. Defendant Martin's Roofing is, upon information and belief, a sole proprietorship or unincorporated business organization, domiciled in and with a principal place of business in South Carolina, and conducted

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

46. The Defendant Martin's Roofing was previously substituted for John Doe 35 *nunc pro tunc.*

47. Defendant Jamie Padilla is, upon information and belief, an individual domiciled in South Carolina and conducted business, in whole or in part, at all times relevant hereto in Anderson County, South Carolina.

48. The Defendant Jamie Padilla was previously substituted for John Doe 36 *nunc pro tunc.*

49. Each Defendant John Doe 38–40 is an individual, entity, or entities, domiciled and/or operating under the laws of one of the United States of America that participated in the construction of the Subject Property by installing or overseeing the installation of framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulking, or other related appurtenances. Each John Doe 38–40 is a party "whose true name is unknown." John Does 38–40 are named pursuant to Rule 10(a)(1), SCRCP, and Plaintiffs will amend this pleading when any or all of their true names are discovered.

50. Each Defendant John Doe 41–50 is an individual, entity, or entities, domiciled and/or operating under the laws of one of the United States of America that participated in the construction of the Subject Property by installing or overseeing the installation of roofing components, subcomponents, waterproofing, or related flashings or appurtenances. Each John Doe 41–50 is a party "whose true name is unknown." John Does 41–50 are named pursuant to Rule 10(a)(1), SCRCP, and Plaintiffs will amend this pleading when any or all of their true names are discovered.

51. This Court has jurisdiction over the subject matter and the parties to this action.

## FACTUAL ALLEGATIONS

52. Anderson County issued Building Permits for the various buildings at the Subject Property from in or around June 2005 until in or around December 2005.

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

53. The Building Permits did not contain any bold type notice to the owners of the property of their rights to contract for a guarantee of the structure being free from defective or unsafe conditions beyond eight years after substantial completion of the construction.

54. Anderson County issued the corresponding Certificates of Occupancy for the various buildings at the Subject Property from in or around February 2006 until in or around August 2006.

55. Upon information and belief, Trehel Corporation acted as general contractor for the Subject Property and was responsible for coordination and supervision of construction.

56. Upon information and belief, Signature Architects, LLC acted as the architect for the Subject Property, inclusive of designing the buildings and issuing drawings for construction.

57. Defendant Environmental Materials, LLC d/b/a Environmental Stoneworks installed the masonry, flashings, or other related appurtenances at the Subject Property, and otherwise observed construction of same.

58. Defendant Carl Catoe Construction, Inc. n/k/a Ellis Homes, LLC installed roofing, framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulking, or other related appurtenances at the Subject Property, and otherwise observed construction of same.

59. The following Defendants worked as sub-subcontractors under the direction of Carl Catoe Construction, Inc. n/k/a Ellis Homes, LLC and performed the same scope of work noted above for Carl Catoe Construction, Inc. n/k/a Ellis Homes, LLC: Adan Castro; Herberto Aureo Arcos Hernandez a/k/a Herbelio Arcos Hernandez; Delfino Jacobo Mares; Delfino Construction; Ambrosio Martinez-Ramirez a/k/a Ambrocio Martinez-Ramirez; Javier Francisco Zarate a/k/a Francisco Javier Zarate d/b/a Zarate Construction; Luis Sierra a/k/a Luis Lopez Sierra; Sergio Vargas; Rodolfo Cruz; VMS Construction; Martin's Roofing; and Jamie Padilla.

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

60. Defendant Builders FirstSource Southeast Group, LLC installed framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulking, or other related appurtenances at the Subject Property, and otherwise observed construction of same.

61. Upon information and belief, P&L Enterprises, LLC; Diego Avalos-Rojas; Iris Morales; Marco Antonio Hernandez Vidales; Gerardo Ochoa Munoz; and Valentin Morales Jimenez installed the siding, boxing Freeze board, drip ledge, porch ceilings, building penetrations, flashings, and other related appurtenances at the Subject Property, and otherwise designed and oversaw construction of same.

62. Upon information and belief, Tabares Incorporated worked as an exterior painter and caulker at the Subject Property, and otherwise oversaw same.

63. Defendants Environmental Materials, LLC d/b/a Environmental Stoneworks; John Does 2–20; Carl Catoe Construction, Inc. n/k/a Ellis Homes, LLC; Builders FirstSource Southeast Group, LLC; P&L Enterprises, LLC; Diego Avalos-Rojas; Iris Morales; Marco Antonio Hernandez Vidales; Gerardo Ochoa Munoz; Valentin Morales Jimenez; Tabares Incorporated; Adan Castro; Herberto Aureo Arcos Hernandez a/k/a Herbelio Arcos Hernandez; Delfino Jacobo Mares; Delfino Construction; Ambrosio Martinez-Ramirez a/k/a Ambrocio Martinez-Ramirez; Javier Francisco Zarate a/k/a Francisco Javier Zarate d/b/a Zarate Construction; Luis Sierra a/k/a Luis Lopez Sierra; Sergio Vargas; Rodolfo Cruz; VMS Construction; Martin's Roofing; Jamie Padilla; John Does 37–40; and John Does 41–50 are hereinafter referred to collectively as "Subcontractors."

64. Developer acted as the developer of the Subject Property, and marketed Overlook to Plaintiffs and to the public as a luxury condominium development of the highest quality.

65. Developer drafted and filed, or caused to be drafted and filed, the Master Deed for the Horizontal Property Regime.

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

66.    Developer incorporated, or caused to be incorporated, the Association, and from the time the Association was formed up until it was turned over to the individual owners (the "Turnover"), Developer controlled the actions of the Board of Directors for the Association and hence controlled the actions of the Association.

67.    Prior to Turnover, Developer was in control of the common elements of the Subject Property and served as the de facto Board of Directors for the Association.

68.    Developer owed Plaintiffs fiduciary and fiduciary-like duties.

69.    Developer owed a duty, among other duties, to Plaintiffs to ensure that the common elements were in good condition at the time they were transferred to the Association.

70.    The current condition of the buildings evidences that at the time the common areas were transferred to the Association, they were not suitably weather resistant and were suffering from water intrusion that has resulted in damage to the common elements and units.

71.    As of the date of the filing of this suit, and prior hereto, the buildings at the Subject Property are not suitably weather resistant and are suffering from water intrusion and substantial resulting damage.

72.    Upon information and belief, the damage to the Subject Property is a direct and proximate result of the conduct of all Defendants including, but not limited to, the following:

a)    In failing to design and construct the Subject Property so as to make the exterior building envelope water tight thereby violating the building code in affect in Anderson County at the time the work was performed;

b)    In failing to design and install the exterior masonry cladding and related flashings in accordance with the manufacturer's installation instructions, industry standards, and applicable building codes;

c)    In failing to properly attach lath to stud members;

d)    In failing to design and install appropriate flashings or weep assemblies in the masonry cladding;

— 11 —

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

e) In failing to appropriately design and install through-wall flashing assemblies in the masonry and siding claddings;

f) In failing to provide window head flashing with weep holes for moisture drainage to the exterior;

g) In failing to properly install the exterior lap siding;

h) In failing to provide sealant and backer rod at the interface of vinyl windows, exterior doors, and masonry stone veneer;

i) In failing to properly install doors and windows;

j) In failing to properly install roofing components and flashings;

k) In failing to properly install decks;

l) In failing to properly install exterior trim board;

m) In failing to properly design and install flashing and waterproofing at junction of roofs, decks, walls, concrete and windows;

n) In failing to properly account for routine thermal expansion and contraction of construction components;

o) In failing to use proper fasteners;

p) In failing to properly paint and caulk exterior components;

q) In failing to notice defective work of other trades prior to performing subsequent work;

r) In failing to investigate the subcontractors and laborers to determine if they were competent and capable of performing their work in accordance with good construction practices;

s) In failing to adequately supervise the work of subcontractors and/or employees;

t) In failing to discover defects in the work performed by subcontractors and/or employees;

u) In failing to properly investigate and correct defective work and resulting damages;

THIRD AMENDED COMPLAINT

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

v) In failing to design and construct the Subject Property in accordance with applicable building codes and industry standards;

w) In failing to act as a reasonably prudent developer would act under similar circumstances;

x) In failing to act as a reasonably prudent architect would act under similar circumstances;

y) In failing to act as a reasonably prudent contractor and subcontractor would act under similar circumstances; and

z) In such other failures as will be shown through the discovery and trial of this matter.

73. Plaintiffs are informed and believe that various components of the Subject Property, including those listed above, are not in compliance with the building codes and standards which were applicable at the time of the design and construction of the Subject Property and must be replaced or remedied to comply with current building codes and standards. Plaintiffs and their property have been and will continue to be proximately damaged by the design and construction defects existing at the Subject Property.

74. The negligence/gross negligence of each Defendant herein caused property damage that was not discoverable in the exercise of reasonable diligence, as a result of exposure to harmful particles over a period of time, as opposed to resulting from a sudden and fortuitous trauma.

75. Due to the design and construction deficiencies, continuous and repeated exposure to harmful conditions, including water intrusion, has occurred, resulting in physical consequential damages. These events have occurred every year since construction and constitute "occurrences" and compensable damages. Further, the negligence/gross negligence of each Defendant herein has resulted in damage to the work of the other subcontractors and trades and in damage to Plaintiffs' residences and property and Plaintiffs' use and enjoyment of their residences.

76. As a direct and proximate result, Plaintiffs have suffered injuries and continue to suffer injuries and are entitled to the recovery of damages in the amount of the cost to repair the Subject Property, consequential damages,

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

including loss of use and loss of value, punitive damages where applicable, plus costs, prejudgment interest, and postjudgment interest.

## CLASS ACTION ALLEGATIONS

77. Each and every allegation set forth above is incorporated here.

78. This matter arises out of the design, development, construction, and sale of the Subject Property in which Plaintiff homeowners the Cochrans own an undivided interest, located in Anderson County.

79. This Honorable Court has jurisdiction over all subject matter alleged herein and over all parties hereto, and venue is proper in this forum.

80. Plaintiff homeowners the Cochrans bring this action pursuant to Rule 23(a) SCRCP on behalf of themselves and all those similarly situated, being any and all persons and or entities owning a unit within the Association (hereinafter the "Class").

81. As representatives of the Class defined herein, the Cochrans seek to recover monetary damages from Defendants, for negligence, gross negligence, recklessness, wantonness, willfulness, mismanagement, bad faith, breach of express and implied warranties, and negligent misrepresentation with respect to their duties in the development, construction, sale, administration, care, and maintenance and/or repair of the buildings and units at issue.

82. The Class does not include any former owner of a unit at the Subject Property.

83. The Class is sufficiently numerous that joinder of all members is impractical.

84. The Cochrans will fairly and adequately protect the interests of the Class as Class representatives. The interests of the Class representatives are coincident with and not antagonistic to those of the other Class members, and Plaintiffs are represented by experienced and able counsel.

85. There are questions of law and fact common to the Class. Common questions of law include the liability of Defendants for, among other things as more particularly described below, negligence, gross negligence, recklessness, willfulness, bad faith, breach of warranties, negligent

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

misrepresentations, and whether these wrongful acts or omissions of all of the Defendants caused or will cause the Class to suffer damages.

86.  The Cochrans' claims are typical of the Class members' claims and derive from a common nucleus of operative facts in that the Defendants, at all times relevant, are or were either charged with duties as developer, contractors, subcontractors in the construction, sale and upkeep of the common elements at the Subject Property and disclosure of conditions and/or repair of the buildings and units at issue. Each Class member has been or will be similarly injured by the Defendants' wrongful acts or design omissions in the construction, development, sale, and/or repair of the buildings and units at issue and the interests and rights of the members, such that the interest of the Plaintiffs, as Class representatives, are consistent with those of the members of the Class.

87. Plaintiffs for the class claim pursuant to Rule 23(a) of the South Carolina Rules of Civil Procedure as Class members envision no unusual difficulty in the management of this action as a class action.

88.  Plaintiffs envision no unusual difficulty in the management of this litigation as a class action. Certification of this action as a class action under Rule 23 of the South Carolina Rules of Civil Procedure is appropriate.

### FIRST CAUSE OF ACTION
(Negligence/Gross Negligence — As to Trehel Corporation)

89.  Each and every allegation set forth above is incorporated here.

90.  Trehel Corporation owed duties to Plaintiffs to exercise that degree of skill necessary to construct, supervise, and review the design and otherwise deliver the Subject Property free of construction and design defects and in conformity with customary and ordinary standards of the building and construction industry.

91. The deficiencies and defects which exist at the Subject Property are the proximate and direct result of the negligence and/or gross negligence of Trehel Corporation, as general contractor, in one or more of the following particulars:

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

a) In failing to properly construct the Subject Property by deviating from the plans and specifications and by failing to employ practices and methods of construction conforming with accepted industry standards; using defective materials; and/or installing materials not in accordance with the plans and specifications, or in violation of the manufacturers' instructions;

b) In failing to properly supervise the subcontractors and/or other trades in order to ensure that all work proceeded in accordance with the plans and specifications and also in conformity with the customary and ordinary standards of the construction industry;

c) In accepting non-conforming or defective materials;

d) In accepting and performing deficient and/or defective workmanship and/or materials without proper inspection to ensure the work was correct and in conformity with industry standards and in accordance with the plans and specifications and the manufacturer's instructions;

e) In failing to inform the architect and/or owner of defects in the plans and specifications;

f) In constructing the Subject Property in violation of applicable building codes; and

g) In failing to act as a reasonable and prudent general contractor would have acted under the circumstances then and there existing.

92. Trehel Corporation failed to use slight care and breached its duties in a reckless manner such that a general contractor of ordinary reason or prudence under such circumstances would have been conscious of it as an invasion of Plaintiffs' rights.

93. As a direct and proximate result of such negligence, carelessness, and recklessness, Plaintiffs have suffered injuries and continue to suffer injuries and are entitled to the recovery of damages in the amount of the cost to repair the Subject Property, consequential damages, including loss of use and loss of value, punitive damages, plus costs and expenses, prejudgment and post judgment interest.

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

## SECOND CAUSE OF ACTION

### (Breach of Express & Implied Warranties — As to Trehel Corporation)

94.  Each and every allegation set forth above is incorporated here.

95.  Trehel Corporation held itself out to the public and to Plaintiffs as specifically qualified to perform residential construction in Anderson County, South Carolina.

96.  Trehel Corporation provided construction services to the Subject Property that were accompanied by express warranties that said construction would conform to the requirements of the agreements and any applicable building code requirements, laws, ordinances, rules, and regulations.

97.  Certain implied warranties arose from the work performed by Trehel Corporation, including, but not limited to, a warranty of workmanlike construction and habitability.

98.  Trehel Corporation further expressly and/or impliedly warranted that the materials, components, and services were suitable and fit for use in constructing the Subject Property and would be free of defects.

99.  As set forth above, Trehel Corporation breached its implied and express warranties.

100.  As a direct and proximate result, Plaintiffs have suffered injuries and continue to suffer injuries and are entitled to the recovery of damages in the amount of the cost to repair the Subject Property, consequential damages, including loss of use and loss of value, punitive damages where applicable, plus costs, prejudgment interest and postjudgment interest.

## THIRD CAUSE OF ACTION

### (Negligence/Gross Negligence — As to Developer)

101.  Each and every allegation set forth above is incorporated here.

102.  Developer, acting as developer of the Subject Property, owed duties to Plaintiffs to exercise that degree of skill necessary to market, manage, operate, develop, construct, and sell the Subject Property, and to supervise, review the design, and otherwise deliver the Subject Property free of construction and design defects and in conformity with customary and

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

ordinary standards of the building and construction, property management, and real estate brokerage industries.

103. The deficiencies and defects which exist at the Subject Property are the proximate and direct result of the negligence and/or gross negligence of Developer, as developer and owner, in one or more of the following particulars:

a) By failing to properly select the architect, general contractor, and materials used in the construction of the Subject Property;

b) In failing to properly develop, construct and renovate the Subject Property by deviating from the plans and specifications and by failing to employ practices and methods of construction conforming with accepted industry standards; and/or using defective materials; and/or installing materials not in accordance with the plans and specifications, or in violation of the manufacturers' instructions;

c) In failing to properly supervise the general contractor, subcontractors and/or other trades in order to ensure that all work proceeded in accordance with the plans and specifications and also in conformity with the customary and ordinary standards of the construction industry;

d) In accepting non-conforming or defective materials;

e) In accepting and performing deficient and/or defective workmanship and/or materials without proper inspection to ensure the work was correct and in conformity with industry standards and in accordance with the plans and specifications and the manufacturers' instructions;

f) In constructing the Subject Property in violation of applicable building codes;

g) By failing to properly and prudently fund and effect repairs to the common elements, limited common elements, and individual units of the Residences while the Developers controlled the Association and its Board of Directors;

h) By failing to properly and prudently fund the Association before transition of control of the Board to the individual condominium unit owners;

— 18 —

THIRD AMENDED COMPLAINT

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

    i) By engaging in self-dealing and self-interested transactions while allowing the defects and resulting damage at the Residences to continue unabated; and

    j) In such other failures that will be shown during the discovery of this case and at trial.

104.  Developer further breached its duties to act as a reasonably prudent property manager would act under similar circumstances.

105.  Developer further breached its duties to act as a reasonably prudent real estate agent/broker would act under similar circumstances.

106.  Developer failed to use slight care and breached its duties in a reckless manner such that a developer, property manager, or real estate agent/ broker of ordinary reason or prudence under such circumstances would have been conscious of it as an invasion of Plaintiffs' rights.

107.  As a direct and proximate result of such negligence, carelessness, and recklessness, Plaintiffs have suffered injuries and continue to suffer injuries and are entitled to the recovery of damages in the amount of the cost to repair the Subject Property, consequential damages, including loss of use and loss of value, punitive damages, plus costs and expenses, prejudgment and post judgment interest.

## FOURTH CAUSE OF ACTION
(Breach of Fiduciary Duty as to Developer)

108.  Each and every allegation set forth above is incorporated here.

109.  During the time that Developer controlled the actions of the Board of Directors, Developer owed Plaintiffs, and all other unit owners, a fiduciary duty to place the interests of Plaintiffs and the Regime above the interests of Developer. This fiduciary duty included a duty to conduct a good faith investigation of all possible design and construction deficiencies at the Subject Property without regard to whether Developer was ultimately liable for all damages arising from the deficiencies in the design and construction.

110.  Developer also owed a non-delegable duty to Plaintiffs to ensure that all of the common elements and limited common elements of the Subject Property were either in good repair and in compliance with all applicable building codes or that sufficient funds had been provided to the Regime by

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

Developer to make any necessary repairs at the time of transition of control from the Board by the Developer to the individual owners of the residences at the Subject Property.

111.    Developer failed to make the needed repairs to the common elements, limited common elements, and other building components before transition of control of the Board from the Developer to the individual owners of the residences at the Subject Property and failed to mitigate continuing damage to the Subject Property.

112.    Further, Developer failed to adequately fund the Regime so that it could make the necessary repairs.

113.    By failing to repair the common elements, limited common elements, and other building components and by failing to properly fund the Regime for the purpose of making such repairs, Developer breached its fiduciary duties and other non-delegable duties owed to Plaintiffs.

114.    As a direct and proximate result, Plaintiffs have suffered injuries and continue to suffer injuries and are entitled to the recovery of damages in the amount of the cost to repair the Subject Property, consequential damages, including loss of use and loss of value, punitive damages, plus costs and expenses, prejudgment and post judgment interest.

### FIFTH CAUSE OF ACTION
(Negligent Misrepresentation — As to Developer)

115.    Each and every allegation set forth above is incorporated here.

116.    Developer, through disclosure statements, advertisements, sales brochures and other marketing literature, website advertisements, and by statements and actions of its agents, made numerous misrepresentations to Plaintiffs, including, but not limited to, the quality and luxury of the Overlook condominiums.

117.    Developer made such representations in its capacity as developer and its capacity as broker and real estate agent.

118.    The representations made by Developer and its agents to Plaintiffs were untrue and were misrepresentations of material facts.

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

119.  Developer had a pecuniary interest in making such false representations to Plaintiffs in that the representations were made for the purpose of selling the condominium units and making a profit and/or a sales commission.

120.  Developer owed a duty to Plaintiffs and to the other potential purchasers of the condominium units to use due care in ensuring that its representations concerning Overlook were accurate and truthful.

121.  Plaintiffs reasonably and justifiably relied upon the representations of Developer.

122.  In the exercise of reasonable care, Developer knew or should have known its representations were false and that Plaintiffs would rely on the representations.

123.  Developer failed to exercise reasonable care in making the representations.

124.  As a direct and proximate result, Plaintiffs have suffered injuries and continue to suffer injuries and are entitled to the recovery of damages in the amount of the cost to repair the Subject Property, consequential damages, including loss of use and loss of value, punitive damages, plus costs and prejudgment and post judgment interest.

## SIXTH CAUSE OF ACTION
### (Breach of Express & Implied Warranties — As to Developer)

125.  Each and every allegation set forth above is incorporated here.

126.  Developer's transfer of residential units at the Subject Property were accompanied by express warranties that said construction would conform to the requirements of the agreements and any applicable building code requirements, laws, ordinances, rules, and regulations.

127.  In marketing and selling the residential units at Overlook or otherwise placing the residential units into the stream of commerce, Developer, by operation of law, impliedly warranted that the Subject Property would be habitable and free from construction defects.

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

128.  Developer further expressly and/or impliedly warranted that the materials, components, and services were suitable and fit for use in constructing the Subject Property and would be free of construction defects.

129.  As set forth more fully above, Developer breached its express and implied warranties.

130.  As a direct and proximate result, Plaintiffs have suffered injuries and continue to suffer injuries and are entitled to the recovery of damages in the amount of the cost to repair the Subject Property, consequential damages, including loss of use and loss of value, punitive damages where applicable, plus costs and prejudgment and post judgment interest.

### SEVENTH CAUSE OF ACTION
(Negligence/Gross Negligence — As to Signature Architects, LLC)

131.  Each and every allegation set forth above is incorporated here.

132.  Signature Architects, LLC, as architect and/or designer of the Subject Property, had a duty and standard of care to properly design and inspect the Subject Property.

133.  The Affidavit of Paul Phillip Campbell, AIA, attached hereto as Exhibit "A," is hereby incorporated by reference.

134.  Signature Architects, LLC breached its duty of design and inspection of the Subject Property in one or more of the following particulars:

a)  Inadequate inspection and acceptance of defective or non-conforming construction work;

b)  Failing to design and ensure construction in compliance with applicable building codes and acceptable building practices;

c)  Failure to properly specify appropriate materials to be used in construction of the Subject Property;

d)  Inadequate inspection and acceptance of non-conforming or defective materials; and

e)  In accepting deficient and/or defective workmanship and/or materials and failing to inspect properly to ensure that the work was correct, in conformity with industry standards, in accordance with the plans and

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

specifications, and in accordance with the manufacturers' instructions.

135.  Signature Architects, LLC failed to use slight care and breached its duty in a reckless manner such that an architect of ordinary reason or prudence under such circumstances would have been conscious of it as an invasion of Plaintiffs' rights.

136.  As a direct and proximate result of such negligence, carelessness, and recklessness, Plaintiffs have suffered injuries and continue to suffer injuries and are entitled to the recovery of damages in the amount of the cost to repair the Subject Property, consequential damages, including loss of use and loss of value, punitive damages, plus costs and expenses, prejudgment and post judgment interest.

### EIGHTH CAUSE OF ACTION
(Breach of Warranty of Plans & Specifications—As to Signature Architects, LLC)

137.  Each and every allegation set forth above is incorporated here.

138.  Signature Architects, LLC warranted the sufficiency of the design, plans, and specifications for the Subject Property. Plaintiffs and those similarly situated are foreseeable beneficiaries of this implied warranty.

139.  By failing to properly design the building and prepare appropriate plans and specifications, Signature Architects, LLC breached its warranty as set forth in Exhibit "A" and as follows:

    a) By failing to properly design and prepare plans and specifications for the Subject Property that were compliant with all applicable building codes and professional standards;

    b) Failing to specify products and ensure construction in compliance with applicable building codes;

    c) In accepting deficient and/or defective workmanship and/or materials, and failing to inspect properly to ensure that the work was correct, in conformity with industry standards, in accordance with the plans and specifications, and in accordance with the manufacturers' instructions;

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

d) Failing to design and specify an exterior cladding system for the Subject Property with an adequate water management system to prevent water from intruding into the interior of the residential units or the wall cavities of the building;

e) Failing to design and specify an adequate water management system in and around building openings, including, but not limited to, the exterior windows at the Subject Property;

f) Failing to properly administer, observe and inspect the construction of the building for compliance with the plans and specifications and applicable building codes; and

g) Such other breaches of the standard of care which are determined during the ongoing investigation of design deficiencies at the Subject Property.

140. As a direct, foreseeable and proximate result of the design defects and resulting property damage, Plaintiffs have spent, and will continue to expend, substantial sums of money in order to renovate and restore the residences to make them safe and habitable. In addition, the residences have suffered a loss in value and depreciation by virtue of the defects and damages which include, but are not limited to, the cost of the investigation, the design of the repair, the repair itself and other actual, incidental, consequential, special, direct, and indirect damages all to Plaintiffs' damage in an amount to be determined.

141. Additionally, Plaintiffs have and will continue to suffer loss of use of the residences as well as the common areas and the limited common areas. Such loss will continue through the interference with the use and enjoyment of the common areas and limited common areas during the time in which construction repairs are undertaken to their residences and to the common elements and limited common elements of the Subject Property.

142. Plaintiffs are entitled to a judgment against Signature Architects, LLC in an amount to be determined at trial, as a result of the breach of its warranty.

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

## NINTH CAUSE OF ACTION
### (Negligence/Gross Negligence — As to Subcontractors)

143.  Each and every allegation set forth above is incorporated here.

144.  Each of the Subcontractors had duties and standards of care to properly perform its trade on the Subject Property in a good and workmanlike manner, free of defects, and in conformance with the applicable building codes and industry standards.

145.  Each of the Subcontractors failed to use slight care and breached its duties and standards in a reckless manner such that a contractor of ordinary reason or prudence under such circumstances would have been conscious of it as an invasion of Plaintiffs' rights.

146.  This breach of duty included faulty workmanship resulting in physical, consequential damages including water intrusion and defects in the framing, siding, decking, waterproofing/flashing, flooring, painting, and other components of the residences, inclusive of work of other trades.

147.  As a direct and proximate result of such negligence, carelessness, and recklessness, Plaintiffs have suffered injuries and continue to suffer injuries and are entitled to the recovery of damages in the amount of the cost to repair the Subject Property, consequential damages, including loss of use and loss of value, punitive damages, plus costs and expenses, prejudgment and post judgment interest.

## TENTH CAUSE OF ACTION
### (Breach of Implied Warranty of Workmanship — As to Subcontractors)

148.  Each and every allegation set forth above is incorporated here.

149.  Each of the Subcontractors impliedly warranted that its scope of work would be performed in a careful, diligent, and workmanlike manner, free of construction defects, and in conformance with the applicable building codes and industry standards.

150.  As set forth more fully above, each of the Subcontractors breached the implied warranty of workmanship.

151.  As a direct and proximate result, Plaintiffs have suffered injuries and continue to suffer injuries and are entitled to the recovery of damages in the amount of the cost to repair the Subject Property, consequential damages,

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

including loss of use and loss of value, plus costs, prejudgment interest and postjudgment interest.

**Wherefore**, Plaintiffs pray for judgment against the Defendants and are entitled to recover the cost to repair the defects including actual damages, consequential damages, including loss of use and loss of value, plus punitive damages where applicable, costs, prejudgment interest, and postjudgment interest.

**Jury Trial Demanded.**

SIGNATURE ON FOLLOWING PAGE

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

**CAPELL THOMSON, LLC**

s/ Charles W. Thomson
Glynn L. Capell (16552)
P.O. Box 1559
Bluffton, SC 29910
GCapell@CapellLaw.com

Charles W. Thomson (101471)
The Blake-Grimke House
321 East Bay Street
Charleston, SC 29401
CThomson@CapellLaw.com

(843) 501-0423 (both offices)

– And –

**ALFORD LAW FIRM, LLC**
Gregory M. Alford (6932)
P.O. Drawer 8008
Hilton Head Island, SC 29938
gregg@alfordlawsc.com
(843) 842-5500

– And –

**THOMASON AND PRACHT, LLP**
Nancy Jo Thomason (64920)
P.O. Box 4025
Anderson, SC 29622
nancyjo@864law.com
(864) 226-7222

**Attorneys for Plaintiffs**

December 6, 2019

STATE OF SOUTH CAROLINA       )   AFFIDAVIT OF PAUL PHILLIP CAMPBELL, AIA
                                  )   Re: Overlook Condominiums
COUNTY OF ANDERSON            )   Overlook Drive
                                  )   Anderson, South Carolina

PERSONALLY APPEARED BEFORE ME, Paul Phillip Campbell, AIA, who being duly sworn, deposes and says:

1. He is over the age of 18 and has personal knowledge of the contents of this affidavit;

2. He is an Architect duly licensed March 3, 1993, to practice architecture in the State of South Carolina;

3. He has been licensed for 26 years to practice architecture in South Carolina; (South Carolina license # 4560)

4. He is board certified by the National Council of Architectural Registration Board; (NCARB Certificate Holder # 45,694);

5. He has actual knowledge and experience in the areas of building and design as a result of having been regularly engaged in the active practice of architecture, construction administration, and building investigations for more than the last five years immediately preceding the date of this affidavit;

6. He is presently an Architect in a sole practice;

7. As part of his regular job responsibilities, he is hired to investigate the design and construction of buildings in South Carolina in the general area of building design and construction;

8. He has been qualified to testify as an expert witness in Courts and arbitration proceedings in South Carolina in the general area of building design and construction;

9. He performed test cuts in Unit 612, Overlook Condominiums, and visually inspected other adjacent units.

10. As part of his investigations, he learned through his review of the Project Documents that the Architect of Record is the Architectural Firm known as Signature Architects, 1376 Tiger Blvd., #112, Clemson, SC.

11. He has visited the project site on one (1) occasion, August 1, 2018, and reviewed the completed construction.

12. He has reviewed the Architect's Issued for Construction documents dated 5-1-2005 on 3-12-19. His opinion is that some of the details drawn may result in moisture intrusion into the floor and wall assemblies.

His opinions include failure of the Architects to meet the requirements of the 2000 International Building Code and construction industry standards. The Architect failed to provide details for water management of the exterior wall assembly.

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

1

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

13. The performance of as it relates to the specific deficiencies and moisture intrusions noted, has not met 'The Standard of Care" expected of an Architect in the State of South Carolina;

14. In his expert opinion, the Architect's Issued for Construction drawings (A-1 through A-16), dated 5/1/2005, were issued with the following design deficiencies:

    a. The Architect's detail 1-A9 9 (window head) failed to note weather resistant barrier (WRB) over the nail fin to prevent moisture drainage into the exterior wall assembly.

    b. The Architect's detail 2-A9 (window head) failed to note weep screed for termination of ½" mortar bed.  Weep screed collects moisture in the ½" mortar for discharge to the exterior.
- Failure to note head flashing attached to the sheathing and lapped by the WRB.
- Failure to require a minimum ½" thickness of mortar bed for the placement of the masonry veneer.
- Failure to provide 3/8" sealant joint with weep holes at the window head flashing for moisture drainage to the exterior.

    c. The Architect's detail 3-A9 (door head) failed to note head flashing set over the nail fin and lapped by WRB for moisture drainage to the exterior.  Also 3.A9 failed to wrap window rough opening with WRB or peel and stick to protect wood framing from moisture damage.

    d. The Architect's detail 4-A9 (window jamb) failed to wrap window jamb with WRB or peel and stick.
- Failure to note WRB or peel and stick over window nail fin.
- Detail 4-A9 is not referenced on the wall sections or elevations.

    e. Detail 5-A9 (window jamb) is not referenced as to its location.  It appears that this jamb detail should show stone veneer in section, casing bead for the termination of the ½" mortar bed and with the stone veneer set 3/8" away from the window with sealant and backer rod.

    f. The Architect's detail 6-A9 (sliding glass door threshold) failed to require the installation of sill pan flashing and metal flashing behind the continuous 2" x 10" lapped by metal flashing over the WRB below the 2" x 10".
- Failure to set the decking ½" below the interior finished floor to help prevent blowing rain entering under the door or threshold.
- Drawings are silent in regards to the required the use of pressure treated framing members for the exterior in accordance with the 2000 IBC.

    g. The Architect's detail 7-A9 (window sill) failed to wrap the window sill rough opening with WRB or peel and stick.  Failure to require the WRB to be placed under the nail fin instead of over the nail fin.  Placement over the nail fin at the window sill traps moisture behind the WRB which may result in the moisture damage to the stud wall assembly.  Good design practice would set the bottom of the J-trim at a minimum of 2" above the concrete slab. This would allow for moisture drainage to the exterior from the vinyl siding.

2

ELECTRONICALLY FILED - 2019 Dec 09 3:51 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

h.  The Architect's section 2-A16 (stair section) is silent in providing details for the installation of the through wall flashing at the deck to wall intersection and integral with the WRB below. This section also indicated the vinyl siding J-trim in full contact with exterior concrete slab.

i.  The Architect's wall section 1-A14 is silent in the termination of the vinyl siding and masonry stone veneer intersection.  This detail would require through wall flashing with weep provisions for drainage of the moisture behind the siding to the exterior.

j.  The Architect' wall section 3-A14 is silent in the requirement of through wall flashing with weep provisions to drain moisture behind the masonry stone veneer at the ground floor level to the exterior.  Through wall flashing at the ground floor level prior to extending the masonry stone veneer into the perimeter grade is an industry standard detail that is provided by the Masonry Veneer Manufacturers Association (MVMA).

The negligent act(s) described in the above-referenced Paragraphs are not meant to be exhaustive and/or exclusive. Opinions expressed are based on information known at this time and are subject to revision as additional information is obtained.

FURTHER AFFIANT SAYETH NOT.

Paul Phillip Campbell, AIA
109 Post Drive
Greenville, South Carolina 29650

SWORN to and Subscribed before me
This 13th day of March, 2019

Notary Public for South Carolina
My Commission expires: 5-4-2020

Kathy F. Campbell

3

ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

# EXHIBIT

# 2

STATE OF SOUTH CAROLINA

COUNTY OF ANDERSON

IN THE COURT OF COMMON PLEAS
TENTH JUDICIAL CIRCUIT
CIVIL ACTION NO.: 2018-CP-04-1787

| | |
|---|---|
| Overlook Horizontal Property Regime Homeowner's Association, Inc.; and Kenneth Cochran and Miki Cochran, on behalf of themselves and others similarly situated; | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| Trehel Corporation; Outerbanks of Lake Hartwell, LLC; Signature Architects, LLC; Environmental Materials, LLC d/b/a Environmental Stoneworks; John Does 2-20; Carl Catoe Construction, Inc. n/k/a Ellis Homes, LLC; Builders FirstSource Southeast Group, LLC; P&L Enterprises, LLC; Diego Avalos Rojas; Iris Morales; Marco Antonio Hernandez Vidales; Gerardo Ochoa Munoz; Valentin Morales Jimenez; Tabares Incorporated; Adan Castro; Herberto Aureo Arcos Hernandez a/k/a Herbelio Arcos Hernandez; Delfino Jacobo Mares; Delfino Construction; Ambrosio Martinez-Ramirez a/k/a Ambrocio Martinez-Ramirez; Javier Francisco Zarate a/k/a Francisco Javier Zarate d/b/a Zarate Construction; Luis Sierra a/k/a Luis Lopez Sierra; Sergio Vargas; Rodolfo Cruz; VMS Construction; Martin's Roofing; and Jamie Padilla; John Does 38-40; and John Does 41-50; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**TREHEL CORPORATION'S
ANSWER TO THIRD AMENDED
COMPLAINT AND CROSS-CLAIMS
(JURY TRIAL DEMANDED)**

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

The Defendant Trehel Corporation (hereinafter referred to as Defendant Trehel)

answering the Plaintiffs' Third Amended Complaint filed December 9, 2019, would respectfully

Page **1** of **27**

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

answer the allegations contained therein and to assert its crossclaims against certain Defendants as follows:

### FOR A FIRST DEFENSE TO ALL CAUSES OF ACTION

1.     Each and every allegation set forth within the Plaintiffs' Third Amended Complaint not specifically admitted herein is denied with strict proof demanded thereof.

2.     In responding to the allegations of paragraph 1 of the Third Amended Complaint, the Defendant Trehel craves reference to the Third Amended Complaint with regard to any and all allegations raised by the Plaintiffs as the only and best evidence of said allegations relative to the "subject property" which contains seven (7) residential buildings with 147 condominium units, a clubhouse, roadways, parking and amenities. Defendant Trehel admits only so much of the allegations that can be construed to allege that it constructed the Subject Property through the use of subcontractors in the 2005-2006 timeframe. The remaining allegations of paragraph 1 of the Third Amended Complaint pertain to another Defendant and therefore require no response from Defendant Trehel. To the extent that such a response is required, the Defendant Trehel denies the allegations and demands strict proof thereof.

### PARTIES AND JURISDICTION

3.     Upon information and belief, Defendant Trehel admits the allegations contained in paragraphs 1(sic), 2, 3, 5, 6, 7, 8, 9, 10, 13-48 and 51 of the Third Amended Complaint.

4.     Defendant Trehel admits the allegations contained in paragraph 4 of the Third Amended Complaint.

5.     Defendant Trehel lacks sufficient information with which to admit or deny the allegations contained in paragraphs 11, 12, 49 and 50 of the Third Amended Complaint, and

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

therefore denies the same as they pertain to it and demands strict proof thereof.

## FACTUAL ALLEGATIONS

6.     In response to the allegations of paragraphs 52, 53 and 54 of the Third Amended Complaint, the Defendant Trehel would refer to the actual documents which make up the "building permits" and "certificates of occupancy" as the only and best evidence of their contents.

7.     Defendant Trehel admits the allegations contained in paragraph 55, 56, 57, 58, 59, 60, 61, 62, and 63 of the Third Amended Complaint.

8.     The Defendant Trehel lacks sufficient knowledge or information to form a belief with regard to the truth of the allegations contained in paragraphs 64, 65, 66, 67, 68, 69 and 70 of the Third Amended Complaint and therefore must deny the same and demand strict proof thereof. In further responding to the allegations of paragraphs 64-70, the Defendant Trehel specifically denies any allegations that might attempt to assert any claim of negligence, gross negligence, willful or wanton conduct, or any other wrong doing on its behalf, and demands strict proof thereof.

9.     Defendant Trehel denies the allegations contained in paragraphs 71, 72, including sub-parts a-z, 73, 74, 75 and 76 of the Third Amended Complaint as they may pertain to it and denies the same and demands strict proof thereof. Further, Defendant Trehel specifically denies any allegations that might attempt to assert any claim of negligence, gross negligence, willful or wanton conduct, or any other wrong doing on its behalf, and demands strict proof thereof.

## RESPONSE TO CLASS ACTION ALLEGATIONS

10.     In response to the allegations contained in paragraph 77, Defendant Trehel repeats

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

and re-alleges its responses to the previous allegations as if repeated verbatim herein.

11.     Upon information and belief, Defendant Trehel admits the allegations contained in paragraphs 78 and 79 of the Third Amended Complaint.

12.     Defendant Trehel denies the allegations contained in paragraphs 80, 81, 82, 83, 84, 85, 86, 87 and 88 of the Third Amended Complaint and demands strict proof thereof.

**FOR A DEFENSE TO THE FIRST CAUSE OF ACTION**
**(Negligence/Gross Negligence as to Trehel)**

13.     In response to paragraph 89 of the Third Amended Complaint, Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

14.     The allegations contained in paragraph 90 of the Third Amended Complaint contain conclusions of law to which no response is required. To the extent that such a response is required, the Defendant Trehel denies the same and demands strict proof thereof. Further, Defendant Trehel further specifically denies any allegations of negligence, gross negligence, willful or wanton conduct, or any other wrong doing on its behalf, and demands strict proof thereof.

15.     The Defendant Trehel denies each and every allegation contained in paragraph 91, including sub-parts a-g, of the Third Amended Complaint as they pertain to it and specifically denies any allegations of negligence, gross negligence, willful or wanton conduct, or any other wrong doing on its behalf, and demands strict proof thereof.

16.     The Defendant Trehel denies the allegations contained in paragraphs 92 and 93 of the Third Amended Complaint and demands strict proof thereof. Defendant Trehel further

Page **4** of **27**

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

specifically denies any allegations of negligence, gross negligence, willful or wanton conduct, or any other wrong doing on its behalf, and demands strict proof thereof.

**FOR A DEFENSE TO THE SECOND CAUSE OF ACTION**
**(Breach of Express & Implied Warranties-Trehel)**

17.     In response to paragraph 94 of the Third Amended Complaint, Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

18.     In response to the allegations contained in paragraph 95 of the Third Amended Complaint, the Defendant Trehel would admit only so much of the allegations as can be construed to allege that it maintained the appropriate license to perform the construction of the Subject Property in Anderson County, South Carolina. The remaining allegations of paragraph 89 are denied and strict proof is demanded thereof.

19.     The allegations contained in paragraphs 96, 97 and 98 of the Third Amended Complaint contain conclusions of law to which no response from this Defendant is required. To the extent such a response is required, the Defendant Trehel denies the same and demands strict proof thereof.

20.     The Defendant Trehel denies the allegations contained in paragraphs 99 and 100 of the Third Amended Complaint and demands strict proof thereof.

**FOR A DEFENSE TO THE THIRD THROUGH TENTH CAUSES OF ACTION**
**(Allegations against Other Defendants)**

21.     In response to paragraph 101 of the Third Amended Complaint, Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

22.     The allegations contained in paragraphs 103-151 are directed at parties other than the Defendant Trehel and therefore no response from this Defendant is required. To the extent such a response is required, the Defendant Trehel denies the allegations and demands strict proof thereof. Defendant Trehel further specifically denies any allegations of negligence, gross negligence, willful or wanton conduct, or any other wrong doing on its behalf, and demands strict proof thereof.

**FOR A FIRST AFFIRMATIVE DEFENSE**
**TO ALL CAUSES OF ACTION**
**(Comparative Negligence)**

23.     Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

24.     Defendant Trehel is informed and believes that the damages as alleged by the Plaintiffs, the existence of which have been denied, were due to and caused by the negligent, grossly negligent, careless, reckless, willful and wanton, negligent acts and conduct of the Plaintiff.

25.     Defendant Trehel is informed and believes that the Plaintiffs' acts, errors and omissions contributed to and combined with this Defendant's acts of negligence (the existence of any negligence on behalf of Defendant Trehel having been expressly denied), so as to result in the Plaintiffs' alleged damages.

26.     Defendant Trehel is informed and believes that in the event that the Plaintiffs' own acts of negligence exceed fifty percent (50%) of the total negligence attributable to all of the parties herein (the existence of any negligence on behalf of Defendant Trehel having been expressly denied), the Plaintiffs herein are barred from recovery. Additionally, any damages

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

claimed against this defendant must be reduced by the amount of negligence attributable to the Plaintiffs.

**FOR A SECOND AFFIRMATIVE DEFENSE**
**TO ALL CAUSES OF ACTION**
**(Negligence of Another)**

27.     Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

28.     Defendant Trehel is informed and believes that the damages alleged in the Third Amended Complaint, if any, were directly and proximately caused by the negligent acts, errors and omissions of a third party other than this Defendant and over whom this Defendant has no control.

29.     Defendant Trehel is informed and believes that the Plaintiffs are therefore barred from recovery against this Defendant.

**FOR A THIRD AFFIRMATIVE DEFENSE**
**TO ALL CAUSES OF ACTION**
**(Superseding Negligence)**

30.     Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

31.     Defendant Trehel is informed and believes that the claims alleged against it are barred, or severely limited, by the concurring, contributing, intervening, superseding or insulating fault and breach by persons or entities other than this Defendant.

32.     Any fault or negligence by the Defendant Trehel, the existence of such negligence having been denied, was passive and secondary in light of the primary and active fault or breach of others.

Page **7** of **27**

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

33.    Defendant Trehel is informed and believes that the Plaintiffs are therefore barred from recovery from this Defendant.

**FOR A FOURTH AFFIRMATIVE DEFENSE**
**TO ALL CAUSES OF ACTION**
**(Lack of Notice)**

34.    Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

35.    Defendant Trehel is informed and believes that the Plaintiffs are barred from recovery because they failed to give proper notice to Defendant Trehel of any defective condition pursuant to 1976 South Carolina Code Annotated, Section 40-59-830, *et al*, the existence of which Defendant Trehel specifically denies.

**FOR A FIFTH AFFIRMATIVE DEFENSE**
**TO ALL CAUSES OF ACTION**
**(Failure to Give Notice of Breach of Warranty)**

36.    Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

37.    Defendant Trehel is informed and believes that the Plaintiffs are barred from recovery because they failed to give proper notice to Defendant Trehel of any alleged breach of any applicable warranty, which breach of warranty or warranties is hereby specifically denied.

**FOR A SIXTH AFFIRMATIVE DEFENSE**
**TO ALL CAUSES OF ACTION**
**(Failure to Comply with SC Code Section 40-59-840)**

38.    Defendant Trehel repeats its answers to the allegations contained in the Third Amended Complaint as if each and every response was set forth verbatim herein.

Page **8** of **27**

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

39.    Defendant Trehel is informed and believes that the Plaintiffs are barred from recovery because they failed to comply with the specifications set forth in SC Code Section 40-59-840.

**FOR A SEVENTH AFFIRMATIVE DEFENSE**
**TO ALL CAUSES OF ACTION**
**(Acceptance by Plaintiff)**

40.    Defendant Trehel repeats its answers to the allegations contained in the Amended Complaint as if each and every response was set forth verbatim herein.

41.    Defendant Trehel would show that the Plaintiffs, by and through their actions or inactions with regard to any work performed on the project, have assumed the risk and/or accepted all portions of any damages alleged by the Third Amended Complaint, and such assumption of risk and/or acceptance is a bar to the claims against this Defendant.

**FOR AN EIGHTH AFFIRMATIVE DEFENSE**
**TO ALL CAUSES OF ACTION**
**(Mitigation of Damages)**

42.    Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

43.    Defendant Trehel is informed and believes that the Plaintiffs have breached their duty to mitigate their damages and accordingly, the damages claimed must be barred or reduced.

**FOR A NINTH AFFIRMATIVE DEFENSE**
**TO ALL CAUSES OF ACTION**
**(Waiver and/or Estoppel)**

44.    Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

45.    The damages claimed in the Third Amended Complaint are barred based on the doctrines of waiver and estoppel.

Page **9** of **27**

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

**FOR A TENTH AFFIRMATIVE DEFENSE**
**TO ALL CAUSES OF ACTION**
**(Statute of Limitation/Statute of Repose)**

46.     Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

47.     Defendant Trehel is informed and believes that the Plaintiffs are barred from recovering from this Defendant based on any and all applicable statutes of limitations and/or repose.

**FOR AN ELEVENTH AFFIRMATIVE DEFENSE**
**TO ALL CAUSES OF ACTION**
**(Failure to State a Claim)**

48.     Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

49.     The allegations of the Third Amended Complaint fail to state facts sufficient to constitute a cause of action against this Defendant and accordingly, the Third Amended Complaint must be dismissed.

**FOR A TWELFTH AFFIRMATIVE DEFENSE**
**TO ALL CAUSES OF ACTION**
**(Laches)**

50.     Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

51.     Defendant Trehel is informed and believes that the Plaintiffs are barred from recovery by the doctrine of laches.

**FOR A THIRTEENTH AFFIRMATIVE DEFENSE**
**TO ALL CAUSES OF ACTION**
**(Economic Loss Rule)**

Page **10** of **27**

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

52.    Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

53.    The Plaintiffs' claims for damages against this Defendant are barred by the economic loss rule.

## FOR A FOURTEENTH AFFIRMATIVE DEFENSE
## TO ALL CAUSES OF ACTION
### (Exclusion/Modification/Limitation of Remedies)

54.    Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

55.    Defendant Trehel is informed and believes that available remedies have been properly and effectively excluded, modified and/or limited by this Defendant.

## FOR A FIFTEENTH AFFIRMATIVE DEFENSE
## TO ALL CAUSES OF ACTION
### (Disclaimer of Remedies)

56.    Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

57.    Defendant Trehel is informed and believes that available remedies have been properly and effectively disclaimed by this Defendant.

## FOR A SIXTEENTH AFFIRMATIVE DEFENSE
## TO ALL CAUSES OF ACTION
### (Exclusion/Modification/Limitation of Warranty)

58.    Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

59.    The Defendant Trehel is informed and believes that any and/or all applicable warranties have been properly and effectively excluded, modified and/or limited by this

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

Defendant.

## FOR A SEVENTEENTH AFFIRMATIVE DEFENSE
## TO ALL CAUSES OF ACTION
### (Disclaimer of Warranty)

60.     Defendant Trehel repeats each and every answer to the allegations contained in

the Third Amended Complaint as if set forth verbatim herein.

61.     Defendant Trehel is informed and believes that any and/or all applicable

warranties have been properly and effectively disclaimed by this Defendant.

## FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE
## TO ALL CAUSES OF ACTION
### (Expiration of Warranty)

62.     Defendant Trehel repeats each and every answer to the allegations contained in

the Third Amended Complaint as if set forth verbatim herein.

63.     Any warranty allegedly provided by the Defendant Trehel has expired.

## FOR A NINETEENTH AFFIRMATIVE DEFENSE
## TO ALL CAUSES OF ACTION
### (Failure to Comply with Contractual Conditions Precedent)

64.     Defendant Trehel repeats each and every answer to the allegations contained in

the Plaintiffs' Third Amended Complaint as if set forth verbatim herein.

65.     Defendant Trehel is informed and believes that the Plaintiffs have failed to

properly comply with contractual conditions precedent to the assertion of those claims set forth

in the Third Amended Complaint, which failure is a bar to all claims against this Defendant.

## FOR A TWENTIETH AFFIRMATIVE DEFENSE
## TO ALL CAUSES OF ACTION
### (Failure to Comply with Statutory Conditions Precedent)

66.     Defendant Trehel repeats each and every answer to the allegations contained in

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

the Plaintiffs' Third Amended Complaint as if set forth verbatim herein.

67.     Defendant Trehel is informed and believes that the Plaintiffs have failed to
properly comply with statutory conditions precedent to the assertion of those claims set forth in
the Third Amended Complaint, which failure is a bar to all claims against this Defendant.

**FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**
**TO ALL CAUSES OF ACTION**
**(Statute of Frauds)**

68.     Defendant Trehel repeats each and every answer to the allegations contained in
the Plaintiffs' Third Amended Complaint as if set forth verbatim herein.

69.     The Plaintiffs' claim for damages against this Defendant are barred by the Statute
of Frauds.

**FOR A TWENTY-SECON AFFIRMATIVE DEFENSE**
**TO ALL CAUSES OF ACTION**
**(Right to Cure)**

70.     Defendant Trehel repeats its answers to the allegations contained in the
Third Amended Complaint as if each and every response was set forth verbatim herein.

71.     Defendant Trehel is informed and believes that any claim advanced as a warranty
claim for which the claimant failed to give this Defendant timely and reasonable notice, as
required by law, is barred.

**FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**
**TO ALL CAUSES OF ACTION**
**(Unconstitutionality of Punitive Damages)**

72.     Defendant Trehel repeats each and every answer to the allegations contained in
the Third Amended Complaint as if set forth verbatim herein.

73.     The Plaintiffs' claim for punitive damages, and any award thereof, violates the

Page **13** of **27**

due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the due process clause of Article I, Section 3 of the South Carolina Constitution and accordingly, should be barred.

## FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE
## TO ALL CAUSES OF ACTION
### (Spoilation of Evidence)

74.     Defendant Trehel repeats each and every answer to the allegations contained in the Plaintiffs' Third Amended Complaint as if set forth verbatim herein.

75.     Defendant Trehel is informed and believes that the Plaintiffs' claims for damages are barred based upon the spoilation of evidence.

## FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE
## TO ALL CAUSES OF ACTION
### (Lack of Privity)

76.     Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

77.     Defendant Trehel is informed and believes that the Plaintiffs lack sufficient legal privity with this Defendant to permit imposition of liability and therefore, the Plaintiffs are barred from recovery.

## FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE
## TO ALL CAUSES OF ACTION
### (Reservation and Non-Waiver of Contribution/Indemnity Claim)

78.     Defendant Trehel repeats each and every answer to the allegations contained in the Third Amended Complaint as if set forth verbatim herein.

79.     Defendant Trehel reserves the right and does not waive its right to raise a claim for indemnity and/or contribution as to any co-defendant pursuant to S.C. Code Ann. 15-38-10,*et*

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

*seq..*

### FOR AN TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### TO ALL CAUSES OF ACTION
### (Accord and Satisfaction)

80.    Defendant Trehel repeats each and every answer to the allegations contained in

the Third Amended Complaint as if each and every response was set forth verbatim herein.

81.    Defendant Trehel is informed and believes that Plaintiffs' claims are barred by the

doctrine of accord and satisfaction.

### FOR AN TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### TO ALL CAUSES OF ACTION
### (Release)

82.    Defendant Trehel repeats each and every answer to the allegations contained in

the Third Amended Complaint as if each and every response was set forth verbatim herein.

83.    Defendant Trehel is informed and believes that Plaintiffs' claims are barred by the

Release contemplated and entered into by the parties at the conclusion of construction.

### FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE
### TO ALL CAUSES OF ACTION
### (Reservation and Non-Waiver)

84.    Defendant Trehel repeats each and every answer to the allegations contained in

the Third Amended Complaint as if set forth verbatim herein.

85.    Defendant Trehel reserves the right and does not waive any additional or further

defenses as may be revealed by additional information that may be acquired during the course of

discovery or otherwise in this action.

### FOR A THIRTIETH AFFIRMATIVE DEFENSE AND BY WAY OF
### CROSS-CLAIMS AGAINST DEFENDANTS ENVIRONMENTAL MATERIALS, LLC
### D/B/A ENVIRONMENTAL STONEWORKS, JOHN DOES 2-20; CARL CATOE

Page **15** of 27

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

**CONSTRUCTION, INC. N/K/A ELLIS HOMES, LLC; BUILDERS FIRST SOURCE SOUTHEAST GROUP, LLC; P&L ENTERPRISES, LLC, DIEGO AVALOS ROJAS; IRIS MORALES; MARCO ANTONIO HERNANDEZ VIDALES; GERARDO OCHOA MUNOZ; VALENTIN MORALES JIMENEZ;TABARES INCORPORATED; ADAN CASTRO; HERBERTO AUREA ACROS HERNADEZ A/K/A HERBELIO ACROS HERNANDEZ; DELFINO JACOBO MARES; DELFINO CONSTRUCTION; AMBROSIO MARTINEZ-RAMIREZ A/K/A AMBROCIO MARTINEZ-RAMIREZ; JAVIER FRANCISCO ZARATE A/K/A FRANCISCO JAVIER ZARATE D/B/A/ ZARATE CONSTRUCTION; LUIS SIERRA A/K/A LUIS LOPEZ SIERRA; SERGIO VARGAS; ROLDOLFO CRUZ; VMS CONSTRUCTION; MARTIN'S ROOFING; AND JAMIE PADILLA; JOHN DOES 38-40 AND JOHN DOES 41-50**

86.     Defendant Trehel re-alleges paragraphs 1-85 above as if set forth verbatim herein.

87.     Trehel is a South Carolina corporation which conducted business in Anderson County, South Carolina and served as the General Contractor on the Overlook project (i.e. the Subject Property as referred to herein).

88.     Upon information and belief, Defendant Environmental Materials, LLC d/b/a Environmental Stoneworks is organized and existing under the laws of one of the United States of America and was authorized and conducted business in Anderson County, South Carolina and installed the masonry, flashing and related appurtenances at the Subject Property.

89.      Upon information and belief, John Doe Defendants 2-20 are individuals and/or corporate entities domiciled or operating under the laws of one of the United States of America and was authorized and conducted business in Anderson County, South Carolina and are alleged to have installed masonry, flashings and other related appurtenances. Each John Doe is a party whose true identity is currently unknown but the cross claim will be amended to reflect any and all true names upon discovery.

90.     Upon information and belief, Defendant Carl Catoe Construction, Inc. n/k/a Ellis Homes, LLC is a corporation organized and existing pursuant to the laws of the State of South

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

Carolina and at all times relevant to this matter, was authorized and conducted business in Anderson County, South Carolina and are alleged to have installed framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulking and flashing and other related appurtenances at the Subject Property.

91.    Upon information and belief, the Defendant Builders FirstSource Southeast Group, LLC is a limited liability corporation organized and existing under the laws of one of the United States of America and is authorized and conducted business in whole or in part in Anderson County, South Carolina and is alleged to have provided materials and installed framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulk and/or other related appurtenances at the Subject Property.

92.    Upon information and belief, Defendant P&L Enterprises, LLC is a limited liability corporation domiciled or operating under the laws of one of the United States of America and was authorized and conducted business in Anderson County, South Carolina and are alleged to have installed siding, boxing freeze board, drip ledge, porch ceilings, building penetrations, flashings and/or other related appurtenances at the Subject Property.

93.    Upon information and belief, Defendants Diego Avalos Rojas; Iris Morales; Marco Antonio Hernandez Vidales; Gerardo Ochoa Munoz; Valentin Morales Jimenez are individuals who were domiciled in South Carolina and conducted business in Anderson County, South Carolina and are alleged to have installed framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulking and flashing and other related appurtenances at the Subject Property.

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

94.     Upon information and belief, Defendant Tabares Incorporated is a corporation organized and existing pursuant to the laws of the State of South Carolina, conducted business in Anderson County, South Carolina at all times relevant herein and are alleged to have performed exterior painting and caulking and flashing and other related appurtenances at the Subject Property.

95.     Upon information and belief, Defendant Adan Castro is an individual domiciled in South Carolina, conducted business in Anderson County, South Carolina, and is alleged to have installed framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulking and flashing and other related appurtenances at the Subject Property.

96.     Upon information and belief, Defendant Herberto Aureo Acros Hernandez a/k/a Herbelio Arcos Heranadez is an individual domiciled in South Carolina, conducted business in Anderson County, South Carolina, and is alleged to have installed framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulking and flashing and other related appurtenances at the Subject Property.

97.     Upon information and belief, Defendant Delfino Jacobo Mares is an individual domiciled in South Carolina, conducted business in Anderson County, South Carolina, and is alleged to have installed framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulking and flashing and other related appurtenances at the Subject Property.

98.     Upon information and belief, Defendant Delfino Construction is a sole proprietorship or an unincorporated business organization domiciled and with its principal place

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

of business in South Carolina, conducted business in Anderson County, South Carolina, and is alleged to have installed framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulking and flashing and other related appurtenances at the Subject Property.

99.    Upon information and belief, Defendant Ambrosio Martinez-Ramirez a/k/a Ambrocio Martinez-Ramirez is an individual domiciled in South Carolina, conducted business in Anderson County, South Carolina, and is alleged to have installed framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulking and flashing and other related appurtenances at the Subject Property.

100.    Upon information and belief, Defendant Javier Francisco Zarate a/k/a Francisco Javier Zarate d/b/a Zarate Construction is an individual doing business as a sole proprietorship or unincorporated business organization domiciled in South Carolina, conducted business in Anderson County, South Carolina, and is alleged to have installed framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulking and flashing and other related appurtenances at the Subject Property.

101.    Upon information and belief, Defendant Luis Sierra a/k/a Luis Lopez Sierra is an individual domiciled in South Carolina, conducted business in Anderson County, South Carolina, and is alleged to have installed framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulking and flashing and other related appurtenances at the Subject Property.

102.    Upon information and belief, Defendant Sergio Vargas is an individual domiciled in South Carolina, conducted business in Anderson County, South Carolina, and is alleged to

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

have installed framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulking and flashing and other related appurtenances at the Subject Property.

103.     Upon information and belief Defendant Rodolfo Cruz is an individual domiciled in South Carolina, conducted business in Anderson County, South Carolina, and is alleged to have installed framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulking and flashing and other related appurtenances at the Subject Property.

104.     Upon information and belief, Defendant VMS Corporation is a sole proprietorship or is an unincorporated business organization domiciled in and with principal place of business in South Carolina, conducted business in Anderson County, South Carolina, and is alleged to have installed framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulking and flashing and other related appurtenances at the Subject Property.

105.     Upon information and belief, Defendant Martin's Roofing is a sole proprietorship or unincorporated business organization domiciled in and with a principal place of business in South Carolina, conducted business in Anderson County, South Carolina and is alleged to have Carolina and are alleged to have installed framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulk and/or other related appurtenances at the Subject Property.

106.     Upon information and belief, Defendant Jamie Padilla is an individual domiciled in South Carolina, conducted business in Anderson County, South Carolina, and is alleged to

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

have installed framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulking and flashing and other related appurtenances at the Subject Property.

107.    Upon information and belief, Defendants Joe Doe 37-40 is an individual, entity or entities domiciled and/or operating under the laws of one of the United States of America that participated in the construction of the Subject Property by installing or overseeing the installation of framing, decks, railings, windows and doors, building wrap, flashings, siding, exterior trim, exterior painting, exterior caulk and/or other related appurtenances at the Subject Property. Each John Doe 37-40 is a party whose true identity is currently unknown but the cross claim will be amended to reflect any and all true names upon discovery.

108.    Upon information and belief, John Doe Defendants 41-50 are individuals and/or corporate entities domiciled or operating under the laws of one of the United States of America and was authorized and conducted business in Anderson County, South Carolina and are alleged to have installed roofing components, subcomponents, waterproofing and related flashings or appurtenances. Each John Doe is a party whose true identity is currently unknown but the cross claim will be amended to reflect any and all true names upon discovery.

109.    This Court has personal jurisdiction over the parties and has subject matter jurisdiction of the action and that venue is proper in Anderson County, South Carolina.

110.    A suit has been filed against the Defendant Trehel in which the Plaintiffs have alleged that the Defendant Trehel has caused the Plaintiffs damages which the Defendant Trehel has denied.

### FOR A FIRST CAUSE OF ACTION
#### (Negligence)

Page **21** of **27**

111.    The Defendant Trehel re-alleges paragraphs 1-110 above as if set forth verbatim herein.

112.    For purposes of this cause of action Defendants Environmental Materials, LLC d/b/a Environmental Stoneworks, Carl Catoe Construction, Inc. n/k/a Ellis Homes, LLC, Builders FirstSource Southeast, LLC, P&L Enterprises, LLC, Diego Avalos Rojas; Iris Morales; Marco Antonio Hernandez Vidales; Gerardo Ochoa Munoz; Valentin Morales Jimenez, Tabares, Adan Castor, Herberto Aureo Arcos Hernandez a/k/a Herbelio Arocs Hernandez, Delfino Jacobo Mares; Delfino Construction, Ambrosio Martinez-Ramirez a/k/a Ambrocio Martinez-Ramirez; Javier Francisco Zarate a/k/a Francisco Javier Zarate d/b/a/ Zarate Constriction, Luis Sierra a/k/a Luis Lopez Sierra, Sergio Vargas, Rodolfo Cruz, VMS Construction, Martin's Roofing, Jamie Padilla, John Does 38-40 and John Does 41-50 are referred to as the "Cross-Claim Defendants" collectively.

113.    Cross-Claim Defendants agreed to furnish labor, materials, installation, cartage, supplies, equipment, scaffolding, tools and all other resources and facilities necessary to perform their work on the Subject Project and that the Cross-claim Defendants did participate in the construction of said Subject Property at the request and through a subcontract with the Defendant Trehel and/or through a subcontract with Defendant Carl Catoe Construction, Inc. n/k/a Ellis Homes, LLC which is incorporated into the subcontract between Trehel and Defendant Catoe.

114.    The Cross-Claim Defendants owed a duty to the Defendant Trehel to properly, adequately and completely remodel and convert the subject property in compliance with the scope of work, specifications and industry standards and applicable build codes.

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

115.    If Plaintiffs are successful in proving their claims as against the Defendant Trehel, said claims having been denied by the Defendant Trehel, this will include proof that the Cross-Claim Defendants breached the duty owed to the Defendant Trehel and will show that the Cross-Claim Defendants in doing so were negligent, grossly negligent, wanton, reckless and willful in failing to remodel and convert the subject property in accordance with the scope of work, specifications, industry standards and applicable building codes among the deficiencies alleged in the Plaintiffs' Third Amended Complaint .

116.    If Defendant Trehel is found to be negligent, which said negligence is affirmatively denied by Defendant Trehel, any such negligence is merely passive and secondary to that which arose from the Cross-Claim Defendants' negligence.

117.    If it is determined that the Cross-Claim Defendants are negligent, the Defendant Trehel will have suffered damages in the monies it used to pay for the work of the Cross-Claim Defendants, any attorneys fees and costs incurred in defending the suit against it in addition to any monies it paid out or judgments rendered against it in favor of the Plaintiffs.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

118.    The Defendant Trehel re-alleges paragraphs 1-117 above as if set forth verbatim herein.

119.    The Cross-Claim and the Defendant Trehel entered into contracts whereby the Cross-Claim Defendants agreed to provide furnish labor, materials, installation, cartage, supplies, equipment, scaffolding, tools and all other resources and facilities necessary to perform their work in the conversion of the Summerhouse project in accordance with the applicable building codes, industry standards and manufacturers recommendations.

120.    If Plaintiffs' claims are proven, said claims having been denied by the Defendant Trehel, such proof will also prove the Cross-Claim Defendants breached their contracts in that they failed to construct and convert the subject property in accordance with the applicable building codes, industry standards and manufacturers specifications.

121.    Any breach of contract by the Cross-Claim Defendants has caused and/or will cause the Defendant Trehel to suffer substantial damages in defending this action and the damage to its professional reputation.

122.    If it is determined that the Cross-Claim Defendants have breached their contracts, Trehel will have also suffered damages in the monies it used to pay for the work of the Cross-Claim Defendants, any attorneys fees and costs incurred in defending the suit against it in addition to any monies it paid out or judgments rendered against it in favor of the Plaintiffs.

## FOR A THIRD CAUSE OF ACTION
### (Implied and Express Warranties)

123.    The Defendant Trehel re-alleges paragraphs 1-122 above as if set forth verbatim herein.

124.    Cross-Claim Defendants made express and implied warranties that they would perform their work in accordance with the plans and specifications, industry standards, building codes, manufacturer's recommendations and that their work or products would be fit for its intended purposes, would be merchantable, would be free of defects, and would be adequate to prevent damage to the subject property.

125.    If Plaintiffs' claims are proven, said claims having been denied by the Defendant Trehel, such proof will also prove that the Cross-Claim Defendants breached these warranties made to Defendant Trehel.

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

126.    If it is determined that the Cross-Claim Defendants have breached their warranties, Trehel will have also suffered damages in the monies it used to pay for the work of the Cross-Claim Defendants, any attorneys fees and costs incurred in defending the suit against it in addition to any monies it paid out or judgments rendered against it in favor of the Plaintiffs.

### FOR A FOURTH CAUSE OF ACTION
### (Contractual and Equitable Indemnity)

127.    The Defendant Trehel re-alleges paragraphs 1-126 above as if set forth verbatim herein.

128.    Due to the Contractor/subcontractor relationship between the Defendant Trehel and the Cross-Claim Defendants, a special relationship exists as between these parties.

129.    The Plaintiffs have brought an action against the Defendant Trehel involving The work performed by Cross-Claim Defendants. This action has or will cause the Defendant Trehel damages in defending this action and subjecting it to a potential judgment.

130.    The subcontracts between the Defendant Trehel and the Cross-Claim Defendants all contain a provision that states:

**<u>Indemnity.</u>** To the fullest extent permitted by law, Subcontractor agrees to indemnify Contractor against and hold Contractor harmless from any and all claims, demands, liabilities, losses, expenses, suits and actions (including attorneys' fees) for or on account of Subcontractor's performance of the work, any injury to any person, or any death at any time resulting from such injury, or any damage to any property, which may arise (or which may be alleged to have arisen) out of or in connection with the Work, even though such 'injury, death or damage may be (or may be alleged to be) attributable in part to negligence or other fault on the part of Contractor or its officers, agents or employees. The obligation Of Subcontractor to indemnify and hold Contractor harmless shall not be enforceable if, and only if, it be determined by arbitration, judicial or other legally binding, proceeding that the injury, death or damage complained of was attributable solely to the fault or negligence of Contractor or its officers, agents or employees and not in any manner or in any part attributable to Subcontractor. Subcontractor agrees to reimburse Contractor for all sums, including reasonable attorney's fees, which Contractor may pay or be compelled to pay in settlement of any claim under this Subcontract,

Page **25** of **27**

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

including, but not limited to, any claim under the provisions of any workmen's compensation law or any plan for employee benefits which Contractor may adopt. Contractor shall be entitled to withhold from any payment otherwise due pursuant to this Subcontract such amount or amounts as may be reasonably necessary to protect it against liability for any personal injury, death or property damage resulting from the performance of the Work under this Subcontract. Subcontractor's obligation hereunder shall not be limited by the provisions of any worker's compensation or similar act, or by the provisions, scope or limitations of any insurance requirements or coverage.

131.     The Subcontracts between the Defendant Trehel and the Cross-Claim Defendants also contain a provision requiring each Cross-Claim Defendant to name Defendant Trehel as an "Additional Insured" under their respective policies.

132.     Defendant Trehel has demanded that the Cross-Claim Defendants defend and indemnify it pursuant to the obligations of the Cross-Claim Defendants under their respective subcontracts.

133.     Cross-Claim Defendants have failed to defend or indemnify Defendant Trehel in violation of the terms of the subcontract between them.

134.     Upon information and belief, the Plaintiffs' alleged damages, if any, were due to and caused by the actions of the Cross-Claim Defendants and not by any act or omission of the Defendant Trehel. Therefore, Defendant Trehel is entitled to equitable indemnity because it was not at fault in causing the Plaintiffs' damages and did not join in the wrongful acts or omissions complained of by the Plaintiffs.

135.     If the Defendant Trehel is liable to the Plaintiffs in any respect, said liability having been affirmatively denied, then such liability arose from the Cross-Claim Defendants actions such that the Defendant Trehel is entitled to full indemnification from the Cross-Claim Defendants for costs and expense incurred in order to protect its interests and amounts the Defendant Trehel may be required to pay the Plaintiff herein as a result of the actions or

ELECTRONICALLY FILED - 2019 Dec 19 4:29 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0401787
ELECTRONICALLY FILED - 2021 May 27 3:56 PM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

omissions of the Cross-Claim Defendants as well as for the costs and attorneys fees incurred in defending this action.

　　　　**WHEREFORE** having fully answered the allegations contained in the Plaintiffs' Third Amended Complaint and having asserted Cross-Claims, the Defendant Trehel prays this Honorable Court inquire into the matters set forth herein, and enter its Order dismissing the Plaintiffs' Third Amended Complaint with prejudice, and to enter a finding on behalf of this Defendant against the Cross-Claim Defendants for such actual and consequential damages and costs, including attorneys fees, and for such other and further relief as this Court deems just.

　　　　　　　　　　TUPPER, GRIMSLEY, DEAN & CANADAY, P.A.

　　　　　　　　　　s/ Erin D. Dean
　　　　　　　　　　S.C. Bar No. 65320
　　　　　　　　　　Post Office Box 2055
　　　　　　　　　　Beaufort, South Carolina 29901-2055
　　　　　　　　　　(843) 524-1116
　　　　　　　　　　erindean@tgdcpa.com

　　　　　　　　　　**-and-**

　　　　　　　　　　MCDONALD PATRICK POSTON HEMPHILL & ROPER, LLC

　　　　　　　　　　s/ Roy R. Hemphill
　　　　　　　　　　S.C. Bar No. 15142
　　　　　　　　　　Post Office Box 1547
　　　　　　　　　　Greenwood, SC 29648
　　　　　　　　　　(864) 388-1006
　　　　　　　　　　rhemphill@mcdonaldpatrick.com

　　　　　　　　　　**Attorneys for Defendant Trehel Corporation**

Dated: December 19, 2019



# South Carolina
# Department of Insurance

**Capitol Center**
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director

**Mailing Address:**
P.O. Box 100105, Columbia, S.C. 29202-3105

ELECTRONICALLY FILED - 2021 Jun 04 8:59 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

June 1, 2021

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

Dear Sir:

On June 1, 2021, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov.** When replying, please refer to File Number 184144, <u>Trehel Corporation v. SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, et al.</u>, 2021-CP-04-00996.

By:

Gwendolyn L Fuller
General Counsel
(803)737-6732

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:    Alan G. Jones
       Post Office Box 1887
       Greenville, SC    29602



# South Carolina
# Department of Insurance

**Capitol Center**
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director

**Mailing Address:**
P.O. Box 100105, Columbia, S.C. 29202-3105

June 1, 2021

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
PELEUS INSURANCE COMPANY
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

Dear Sir:

On June 1, 2021, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-45-170. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov.** When replying, please refer to File Number 184141, <u>Trehel Corporation v. PELEUS INSURANCE COMPANY, <em>et al.</em></u>, 2021-CP-04-00996.

By:

Gwendolyn L Fuller
General Counsel
(803)737-6732

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:   Alan G. Jones
      Post Office Box 1887
      Greenville, SC    29602

ELECTRONICALLY FILED - 2021 Jun 04 8:59 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996



# South Carolina
# Department of Insurance

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105

June 1, 2021

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
NAVIGATORS SPECIALTY INSURANCE COMPANY
ATTN:  General Counsel
400 Atlantic Street, 8th Floor
Stamford, CT 06901

Dear Sir:

On June 1, 2021, I accepted service of the attached Summons and Complaint on your behalf.  I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-45-170.  By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270.  I am not a party to this case.  The State of South Carolina Department of Insurance is not a party to this case.  It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov.** When replying, please refer to File Number 184140, <u>Trehel Corporation v. NAVIGATORS SPECIALTY INSURANCE COMPANY, *et al*</u>, 2021-CP-04-00996.

By:

*Gwendolyn Fuller McGriff*

Gwendolyn L Fuller
General Counsel
(803)737-6732

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:    Alan G. Jones
       Post Office Box 1887
       Greenville, SC    29602

ELECTRONICALLY FILED - 2021 Jun 04 8:59 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996



# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105

June 1, 2021

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
NATIONWIDE MUTUAL FIRE INS CO
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

Dear Sir:

On June 1, 2021, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov.** When replying, please refer to File Number 184142, <u>Trehel Corporation v. NATIONWIDE MUTUAL FIRE INS CO, et al.</u>, 2021-CP-04-00996.

By:

*Gwendolyn Fuller McGriff*

Gwendolyn L Fuller
General Counsel
(803)737-6732

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:     Alan G. Jones
        Post Office Box 1887
        Greenville, SC    29602

ELECTRONICALLY FILED - 2021 Jun 04 8:59 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996



# South Carolina
# Department of Insurance

**Capitol Center**
**1201 Main Street, Suite 1000**
**Columbia, South Carolina 29201**

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director

**Mailing Address:**
**P.O. Box 100105, Columbia, S.C. 29202-3105**

June 1, 2021

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
NATIONAL FIRE & MARINE INSURANCE COMPANY
ATTN:  Vice President - Claim Operation
1314 Douglas Street, Suite 1400
Omaha, NE 68102-1944

Dear Sir:

On June 1, 2021, I accepted service of the attached Summons and Complaint on your behalf.  I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-45-170.  By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270.  I am not a party to this case.  The State of South Carolina Department of Insurance is not a party to this case.  It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov**. When replying, please refer to File Number 184135, Trehel Corporation v. NATIONAL FIRE & MARINE INSURANCE COMPANY, et al., 2021-CP-04-00996.

By:                                                    Sincerely Yours,

*Gwendolyn Fuller McGriff*

Gwendolyn L Fuller                                     Raymond G. Farmer
General Counsel                                        Director
(803)737-6732                                          State of South Carolina
                                                       Department of Insurance

Attachment

CC:     Alan G. Jones
        Post Office Box 1887
        Greenville, SC    29602

ELECTRONICALLY FILED - 2021 Jun 04 8:59 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996



# South Carolina
# Department of Insurance

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

_____

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105

June 1, 2021

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
LIBERTY MUTUAL FIRE INS CO
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

Dear Sir:

On June 1, 2021, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov.** When replying, please refer to File Number 184139, <u>Trehel Corporation v. LIBERTY MUTUAL FIRE INS CO, et al.</u>, 2021-CP-04-00996.

By:

Gwendolyn L Fuller
General Counsel
(803)737-6732

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:    Alan G. Jones
       Post Office Box 1887
       Greenville, SC    29602

ELECTRONICALLY FILED - 2021 Jun 04 8:59 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996



# South Carolina
# Department of Insurance

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105

June 1, 2021

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
FRANKENMUTH MUTUAL INSURANCE COMPANY
One Mutual Avenue
Frankenmuth, MI 48787-0001

Dear Sir:

On June 1, 2021, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov.** When replying, please refer to File Number 184137, _Trehel Corporation v. FRANKENMUTH MUTUAL INSURANCE COMPANY, et al._, 2021-CP-04-00996.

By:

_Gwendolyn Fuller McGriff_

Gwendolyn L Fuller
General Counsel
(803)737-6732

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:     Alan G. Jones
        Post Office Box 1887
        Greenville, SC    29602

ELECTRONICALLY FILED - 2021 Jun 04 8:59 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996



# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105

June 1, 2021

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
FIRST SPECIALTY INSURANCE CORPORATION
c/o CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

Dear Sir:

On June 1, 2021, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-45-170. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov.** When replying, please refer to File Number 184136, trehel corporation v. FIRST SPECIALTY INSURANCE CORPORATION, et al., 2021-CP-04-00996.

By:

*Gwendolyn Fuller McGriff*

Gwendolyn L Fuller
General Counsel
(803)737-6732

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:     Alan G. Jones
        Post Office Box 1887
        Greenville, SC    29602

ELECTRONICALLY FILED - 2021 Jun 04 8:59 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996



# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105

June 1, 2021

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
EMPLOYERS INSURANCE COMPANY OF WAUSAU
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

Dear Sir:

On June 1, 2021, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov**. When replying, please refer to File Number 184138, Trehel Corporation v. EMPLOYERS INSURANCE COMPANY OF WAUSAU, et al., 2021-CP-04-00996.

By:

Gwendolyn L Fuller
General Counsel
(803)737-6732

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:    Alan G. Jones
       Post Office Box 1887
       Greenville, SC    29602

ELECTRONICALLY FILED - 2021 Jun 04 8:59 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996



# South Carolina
# Department of Insurance

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105

June 1, 2021

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ATAIN SPECIALTY INSURANCE COMPANY
30833 NORTHWESTERN HWY., STE. 220
FARMINGTON HILLS, MI 48334-0000

Dear Sir:

On June 1, 2021, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-45-170. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov.** When replying, please refer to File Number 184143, Trehel Corporation v. ATAIN SPECIALTY INSURANCE COMPANY, et al., 2021-CP-04-00996.

By:

*Gwendolyn Fuller McGroff*

Gwendolyn L Fuller
General Counsel
(803)737-6732

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:     Alan G. Jones
        Post Office Box 1887
        Greenville, SC     29602

ELECTRONICALLY FILED - 2021 Jun 04 8:59 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996



# South Carolina
# Department of Insurance

**Capitol Center**
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director

**Mailing Address:**
P.O. Box 100105, Columbia, S.C. 29202-3105

ELECTRONICALLY FILED - 2021 Jun 04 8:59 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

June 1, 2021

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
AMERICAN GUARANTEE AND LIABILITY INS CO
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

Dear Sir:

On June 1, 2021, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov**. When replying, please refer to File Number 184145, <u>Trehel Corporation v. AMERICAN GUARANTEE AND LIABILITY INS CO</u>, et al., 2021-CP-04-00996.

By:

*Gwendolyn Fuller McGriff*

Gwendolyn L Fuller
General Counsel
(803)737-6732

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:    Alan G. Jones
        Post Office Box 1887
        Greenville, SC    29602

ELECTRONICALLY FILED - 2021 Jun 09 9:54 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF ANDERSON | ) | C.A. No. 2021-CP-04-00996 |
| | ) | |
| Trehel Corporation, | ) | |
| | ) | **ACCEPTANCE OF SERVICE ON** |
| Plaintiff, | ) | **BEHALF OF CARL CATOE** |
| | ) | **CONSTRUCTION, INC.** |
| v. | ) | |
| | ) | |
| National Fire and Marine Insurance | ) | |
| Company, First Specialty Insurance Corp., | ) | |
| Frankenmuth Mutual Insurance Company, | ) | |
| Employers Insurance Company of Wausau, | ) | |
| Liberty Mutual Fire Insurance Company, | ) | |
| Navigators Specialty Insurance Company, | ) | |
| Peleus Insurance Company, Nationwide | ) | |
| Mutual Fire Insurance Company, Atain | ) | |
| Specialty Insurance Company f/k/a USF | ) | |
| Insurance, Selective Insurance Company of | ) | |
| South Carolina,  American Guarantee and | ) | |
| Liability Insurance Company, Carl Catoe | ) | |
| Construction, Inc., Environmental | ) | |
| Materials, LLC d/b/a Environmental | ) | |
| Stoneworks, P&L Enterprises, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Due and legal service of Summons and Complaint in the above-captioned matter is hereby accepted this 9th day of June , 2021 on behalf of Defendant Carl Catoe Construction, Inc. by its undersigned counsel.

**SIGNATURE BLOCK ON NEXT PAGE**

Respectfully submitted,

John E. Rogers, II (SC Bar No. 72779)
C. Reed Teague (SC Bar No. 79933)
The Ward Law Firm, P.A.
Post Office Box 5663
Spartanburg, South Carolina 29304
Telephone: (864) 591-2366
Email: jrogers@wardfirm.com
      rteague@wardfirm.com

Jonathan J. Anderson (SC Bar No. 383)
Jonathan L. Anderson (SC Bar No. 103127)
Anderson Reynolds & Stephens, LLC
Post Office Box 87
Charleston, South Carolina 29401
Telephone: (843) 723-0185
Email: janderson@arslawsc.com
      landerson@arslawsc.com

R. Andrew Walden (SC Bar No. 101004)
Greg Horton, (SC Bar No. 11343)
Womble Bond Dickinson (US) LLP
Post Office Box 999
Charleston, South Carolina 29402
Telephone: (843) 722-3400
Email: andrew.walden@wbd-us.com
      greg.horton@wbd-us.com

*Attorneys for Defendant*
*Carl Catoe Construction, Inc.*

ELECTRONICALLY FILED - 2021 Jun 09 9:54 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

ELECTRONICALLY FILED - 2021 Jun 23 10:26 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | **TENTH JUDICIAL CIRCUIT** |
| **COUNTY OF ANDERSON** | ) | |
| | ) | |
| **Trehel Corporation,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **ANSWER OF DEFENDANT CARL** |
| **v.** | ) | **CATOE CONSTRUCTION, INC.** |
| | ) | |
| **National Fire and Marine Insurance** | ) | |
| **Company, First Specialty Insurance** | ) | |
| **Corp., Frankenmuth Mutual Insurance** | ) | |
| **Company, Employers Insurance** | ) | |
| **Company of Wausau, Liberty Mutual** | ) | |
| **Fire Insurance Company, Navigators** | ) | |
| **Specialty Insurance Company, Peleus** | ) | |
| **Insurance Company, Nationwide Mutual** | ) | |
| **Fire Insurance Company, Atain** | ) | |
| **Specialty Insurance Company f/k/a USF** | ) | |
| **Insurance, Selective Insurance Company** | ) | |
| **of South Carolina,  American Guarantee** | ) | **C.A. No. 2021-CP-04-00996** |
| **and Liability Insurance Company, Carl** | ) | |
| **Catoe Construction, Inc., Environmental** | ) | |
| **Materials, LLC d/b/a Environmental** | ) | |
| **Stoneworks, P&L Enterprises, LLC,** | ) | **(JURY TRIAL DEMANDED)** |
| | ) | |
| **Defendants.** | ) | |

Defendant, Carl Catoe Construction, Inc. (hereinafter referred to as "Defendant" or "Carl Catoe"), answering the Complaint of Plaintiff, Trehel Corporation (hereinafter "Plaintiff" or "Trehel"), will respectfully show unto this Court as follows:

## **FOR A FIRST DEFENSE**

1.      Paragraph 1 is admitted upon information and belief.

2.      Defendant is without sufficient information to form a belief as to the allegations of Paragraph 2.  Therefore, the allegations of Paragraph 2 are denied and strict proof demanded thereof.

3.      Defendant is without sufficient information to form a belief as to the allegations of Paragraph 3.  Therefore, the allegations of Paragraph 3 are denied and strict proof demanded

ELECTRONICALLY FILED - 2021 Jun 23 10:26 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

thereof.

4.       Defendant is without sufficient information to form a belief as to the allegations of Paragraph 4.  Therefore, the allegations of Paragraph 4 are denied and strict proof demanded thereof.

5.       Defendant is without sufficient information to form a belief as to the allegations of Paragraph 5.  Therefore, the allegations of Paragraph 5 are denied and strict proof demanded thereof.

6.       Defendant is without sufficient information to form a belief as to the allegations of Paragraph 6.  Therefore, the allegations of Paragraph 6 are denied and strict proof demanded thereof.

7.       Defendant is without sufficient information to form a belief as to the allegations of Paragraph 7.  Therefore, the allegations of Paragraph 7 are denied and strict proof demanded thereof.

8.       Defendant is without sufficient information to form a belief as to the allegations of Paragraph 8.  Therefore, the allegations of Paragraph 8 are denied and strict proof demanded thereof.

9.       Defendant is without sufficient information to form a belief as to the allegations of Paragraph 9.  Therefore, the allegations of Paragraph 9 are denied and strict proof demanded thereof.

10.      Defendant is without sufficient information to form a belief as to the allegations of Paragraph 10.  Therefore, the allegations of Paragraph 10 are denied and strict proof demanded thereof.

11.      Defendant is without sufficient information to form a belief as to the allegations of

ELECTRONICALLY FILED - 2021 Jun 23 10:26 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

Paragraph 11.  Therefore, the allegations of Paragraph 11 are denied and strict proof demanded thereof.

12.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 12.  Therefore, the allegations of Paragraph 12 are denied and strict proof demanded thereof.

13.     Paragraph 13 is admitted.

14.     Paragraph 14 is admitted.

15.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 15.  Therefore, the allegations of Paragraph 15 are denied and strict proof demanded thereof.

16.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 16.  Therefore, the allegations of Paragraph 16 are denied and strict proof demanded thereof.

17.     Paragraph 17 is admitted.

18.     Paragraph 18 sets forth a legal conclusion to which no response is required from Defendant.  To the extent that a response to Paragraph 18 is required from Defendant, the allegations of Paragraph 18 are denied and strict proof demanded thereof.

19.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 19.  Therefore, the allegations of Paragraph 19 are denied and strict proof demanded thereof.

20.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 20.  Therefore, the allegations of Paragraph 20 are denied and strict proof demanded thereof.

ELECTRONICALLY FILED - 2021 Jun 23 10:26 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

21.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 21.  Therefore, the allegations of Paragraph 21 are denied and strict proof demanded thereof.

22.     Paragraph 22 is admitted upon information and belief.

23.     Responding to the allegations of Paragraph 23, it is admitted that Carl Catoe Construction Company served as a subcontractor for Trehel regarding certain work at the Overlook condominiums project.  Defendant is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 23.  Therefore, the remaining allegations of Paragraph 23 are denied and strict proof demanded thereof.

24.     Paragraph 24 is admitted upon information and belief.

25.     Paragraph 25 is admitted upon information and belief.

26.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 26.  Therefore, the allegations of Paragraph 26 are denied and strict proof demanded thereof.

27.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 27.  Therefore, the allegations of Paragraph 27 are denied and strict proof demanded thereof.

28.     Paragraph 28 is admitted.

29.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 29.  Therefore, the allegations of Paragraph 29 are denied and strict proof demanded thereof.

30.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 30.  Therefore, the allegations of Paragraph 30 are denied and strict proof demanded

ELECTRONICALLY FILED - 2021 Jun 23 10:26 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

thereof.

31.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 31.  Therefore, the allegations of Paragraph 31 are denied and strict proof demanded thereof.

32.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 32.  Therefore, the allegations of Paragraph 32 are denied and strict proof demanded thereof.

33.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 33.  Therefore, the allegations of Paragraph 33 are denied and strict proof demanded thereof.

34.     Paragraph 34 is denied.

35.     Responding to the allegations of Paragraph 35, Defendant reiterates and realleges the above paragraphs as though set forth herein verbatim.

36.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 36.  Therefore, the allegations of Paragraph 36 are denied and strict proof demanded thereof.

37.     Paragraph 37 is denied.

38.     Paragraph 38 is denied.

39.     Paragraph 39 sets forth a legal conclusion to which no response is required from Defendant.  To the extent that a response to Paragraph 39 is required from Defendant, the allegations of Paragraph 39 are denied and strict proof demanded thereof.

40.     Paragraph 40 sets forth a legal conclusion to which no response is required from Defendant.  To the extent that a response to Paragraph 40 is required from Defendant, the

ELECTRONICALLY FILED - 2021 Jun 23 10:26 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

allegations of Paragraph 40 are denied and strict proof demanded thereof.

41.     Responding to the allegations of Paragraph 41, Defendant reiterates and realleges the above paragraphs as though set forth herein verbatim.

42.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 42.  Therefore, the allegations of Paragraph 42 are denied and strict proof demanded thereof.

43.     Paragraph 43 is denied.

44.     Paragraph 44 is denied.

45.     Paragraph 45 is denied.

46.     Responding to the allegations of Paragraph 46, Defendant reiterates and realleges the above paragraphs as though set forth herein verbatim.

47.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 47.  Therefore, the allegations of Paragraph 47 are denied and strict proof demanded thereof.

48.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 48.  Therefore, the allegations of Paragraph 48 are denied and strict proof demanded thereof.

49.     Paragraph 49 is denied.

50.     Paragraph 50 is denied.

51.     Responding to the allegations of Paragraph 51, Defendant reiterates and realleges the above paragraphs as though set forth herein verbatim.

52.     Paragraph 52 is denied.

53.     Paragraph 53 is denied.

ELECTRONICALLY FILED - 2021 Jun 23 10:26 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

54.     All allegations of Plaintiff's Complaint not specifically admitted herein are denied and strict proof demanded thereof.

## FOR A SECOND DEFENSE
### (COMPARATIVE NEGLIGENCE)

55.     The allegations of the preceding defense are re-alleged and incorporated by reference insofar as they are consistent.

56.     Carl Catoe Construction, Inc. pleads comparative negligence as a complete bar, or in the alternative, a reduction in recovery to the claims of Plaintiff.

## FOR A THIRD DEFENSE
### (ASSUMPTION OF RISK)

57.     The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

58.     The injuries or damages suffered by the Plaintiff, if any, were due to or caused by and were the direct and proximate result of Plaintiff's conduct, and the Plaintiff knew of the danger or should have known of the danger and understood and appreciated the risk of harm and nevertheless voluntarily exposed itself to the danger and thereby assumed the risk in connection with the damages alleged to have given rise to the present claims, and such constitutes a complete defense to the claims of the Plaintiff.

## FOR A FOURTH DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

59.     The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

60.     Without admitting liability or that Plaintiff has suffered damages, to the extent that Plaintiff has suffered damages, Plaintiff has failed to properly and timely mitigate its damages. Carl Catoe Construction, Inc. pleads this failure to mitigate damages as a complete bar to this action, or in the alternative, a reduction in recovery to the claims of Plaintiff.

ELECTRONICALLY FILED - 2021 Jun 23 10:26 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

## FOR A FIFTH DEFENSE
### (WAIVER)

61.      The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

62.      By and through its conduct prior to and after bringing this lawsuit, Plaintiff waived its rights against Carl Catoe Construction, Inc.  Therefore, Carl Catoe Construction, Inc. pleads the doctrine of waiver as a complete bar to this action.

## FOR A SIXTH DEFENSE
### (ESTOPPEL)

63.      The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

64.      By and through its conduct prior to and after bringing this lawsuit, Plaintiff should be estopped from asserting its claims against Carl Catoe Construction, Inc.  Therefore, Carl Catoe Construction, Inc. pleads estoppel as a complete bar to this action.

## FOR A SEVENTH DEFENSE
### (LACHES)

65.      The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

66.      The allegations of the Plaintiff's Complaint are barred by the Doctrine of Laches.

## FOR AN EIGHTH DEFENSE
### (STATUTE OF FRAUDS)

67.      The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

68.      To the extent Plaintiff is relying on contracts other than those that are written, its claims are barred by the Statute of Frauds and should be dismissed.

ELECTRONICALLY FILED - 2021 Jun 23 10:26 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

## FOR A NINTH DEFENSE
### (UNCLEAN HANDS)

69.     The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

70.     Plaintiff does not have clean hands with regard to the allegations in Plaintiff's Complaint. Carl Catoe Construction, Inc. pleads the doctrine of unclean hands as a complete bar to this action.

## FOR A TENTH DEFENSE

71.     The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

72.     Plaintiff's Complaint fails to state a claim upon which relief can be granted against Carl Catoe Construction, Inc.  Therefore, Plaintiff's Complaint should be dismissed with prejudice.

## FOR AN ELEVENTH DEFENSE
### (INTERVENING/SUPERSEDING NEGLIGENCE)

73.     The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

74.     Carl Catoe Construction, Inc. alleges that any injuries or damages alleged in the Complaint were due to, occasioned by, or caused by intervening acts or omissions on the part of someone or some entity other than Carl Catoe Construction, Inc., without such acts and/or omissions Plaintiff would not have sustained any injuries or damages as set forth in Plaintiff's Complaint.  All of which Carl Catoe Construction, Inc. pleads as a complete bar to this action, or in the alternative a reduction in the recovery to the claims of Plaintiff.

## FOR A TWELFTH DEFENSE
### (STATUTE OF LIMITATIONS)

75.     The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

76.     Carl Catoe Construction, Inc. submits that Plaintiff's Complaint, in whole or in part,

ELECTRONICALLY FILED - 2021 Jun 23 10:26 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

is or may be barred by the applicable statute(s) of limitations.

**FOR A THIRTEENTH DEFENSE**
**(ACCEPTANCE)**

77.     The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

78.     Carl Catoe Construction, Inc. will show that Plaintiff and/or its agents inspected, approved and ratified all work performed by Carl Catoe Construction, Inc.  Furthermore, Trehel inspected, approved and ratified all work performed by Carl Catoe Construction, Inc.  Furthermore, Plaintiff knew or should have known if any of Carl Catoe Construction, Inc.'s work was not in accordance with the plans and specifications and/or all performed in a workmanlike manner before accepting said work.  Accordingly, Carl Catoe Construction, Inc. pleads acceptance as a complete defense to all claims of Plaintiff.

**FOR A FOURTEENTH DEFENSE**
**(EXPIRATION OF EXPRESS WARRANTY)**

79.     The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

80.     Any express warranty allegedly provided by Carl Catoe Construction, Inc. has expired.

**FOR A FIFTEENTH DEFENSE**
**(SOLE NEGLIGENCE, NEGLIGENT ACTS AND OMISSIONS OF THIRD-PARTIES)**

81.     The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

82.     Carl Catoe Construction, Inc. asserts that any injuries or damages sustained by Plaintiff were due to and caused by the sole and negligent acts or omissions of some person/entity or persons/entities other than Carl Catoe Construction, Inc., over whom Carl Catoe Construction, Inc. exercised no authority or control, and for that reason, Carl Catoe Construction, Inc. is not

ELECTRONICALLY FILED - 2021 Jun 23 10:26 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

liable to Plaintiff in any sum whatsoever.

## FOR A SIXTEENTH DEFENSE
### (COMPLIANCE WITH INDUSTRY STANDARDS)

83.     The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

84.     Carl Catoe Construction, Inc. will show that the materials and workmanship of Carl Catoe Construction, Inc., at all times and in all manners relevant to this litigation, met applicable plans, specifications, building code requirements, and industry standards and that Carl Catoe Construction, Inc. is, therefore, not liable to Plaintiff in any sum whatsoever.

## FOR A SEVENTEENTH DEFENSE
### (EXPIRATION OF WARRANTIES-OUTSIDE WARRANTY PERIOD)

85.     The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

86.     Carl Catoe Construction, Inc. will show that any warranties provided by Carl Catoe Construction, Inc. have expired and no claims were made to Carl Catoe Construction, Inc. during the applicable warranty period(s).

## FOR AN EIGHTEENTH DEFENSE
### (DUTIES ALLEGED BEYOND SCOPE OF SERVICES)

87.     The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

88.     Carl Catoe Construction, Inc. will show that the duties and obligations alleged as to Carl Catoe Construction, Inc. are not within the scope of services which were provided by Carl Catoe Construction, Inc. and such duties and obligations lie beyond the scope of services provided by Carl Catoe Construction, Inc. and such constitutes a complete defense to all claims for negligence alleged against Carl Catoe Construction, Inc.

ELECTRONICALLY FILED - 2021 Jun 23 10:26 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

## FOR A NINETEENTH DEFENSE
### (FAILURE TO GIVE AND LACK OF NOTICE; FAILURE TO GIVE NOTICE TO CURE)

89.     The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

90.     Carl Catoe Construction, Inc. will show that Plaintiff failed to give any reasonable, meaningful, and/or timely notice to Carl Catoe Construction, Inc. as to the existence of any alleged breach(es) by Carl Catoe Construction, Inc.  Plaintiff further failed to give Carl Catoe Construction, Inc. a reasonable opportunity to correct any alleged defects pertaining to the work of Carl Catoe Construction, Inc., the existence of which is denied, and such failure to give notice and an opportunity to cure to Carl Catoe Construction, Inc. constitutes a complete defense to all claims of Plaintiff against Carl Catoe Construction, Inc.

## FOR A TWENTIETH DEFENSE
### (SPOLIATION OF EVIDENCE)

91.     The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

92.     Carl Catoe Construction, Inc. will show that they have not been afforded the opportunity to inspect and examine the alleged defective workmanship and/or alleged defective products and/or components and that the property has been modified and/or repaired and/or destructively tested without giving Carl Catoe Construction, Inc. the opportunity to inspect and examine, and Carl Catoe Construction, Inc. alleges that such constitutes spoliation of evidence as a complete defense to the claims of Plaintiff.

## FOR A TWENTY-FIRST DEFENSE
### (ECONOMIC LOSS RULE)

93.     The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

94.     Carl Catoe Construction, Inc. will show that Plaintiff's claims for damages against

ELECTRONICALLY FILED - 2021 Jun 23 10:26 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

Carl Catoe Construction, Inc. are barred in whole or in part by the economic loss rule.

### FOR A TWENTY-SECOND DEFENSE
### (SUBSTANTIAL COMPLIANCE)

95.    The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

96.    Carl Catoe Construction, Inc. will show that Carl Catoe Construction, Inc. substantially performed all requirements and standards, contractual or otherwise, in a reasonable and workmanlike manner.

### FOR A TWENTY-THIRD DEFENSE
### (SET-OFF)

97.    The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

98.    Carl Catoe Construction, Inc. will show that Carl Catoe Construction, Inc. is entitled to a set-off in the amount(s) of any and all settlement proceeds obtained by Plaintiff from any other party or source related to this litigation.

### FOR A TWENTY-FOURTH DEFENSE
### (BETTERMENT)

99.    The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

100.    Carl Catoe Construction, Inc. will show that Plaintiff is not entitled to recover for repairs/renovations which will put Plaintiff in a better position than they would have been in if all contracts/warranties had been properly performed and fulfilled, and their damages must be reduced by the amount of betterments made or to be made to the property.

### FOR A TWENTY-FIFTH DEFENSE
### (NON-ECONOMIC DAMAGES)

101.    The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

ELECTRONICALLY FILED - 2021 Jun 23 10:26 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

102.    Carl Catoe Construction, Inc. will show that to the extent applicable, Carl Catoe Construction, Inc. pleads South Carolina Code Annotated, §15-32-520 and §15-32-530.

## FOR A TWENTY-SIXTH DEFENSE
### (STATUTE OF REPOSE)

103.    The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

104.    Carl Catoe Construction, Inc. submits that the Complaint of Plaintiff, in whole or in part, is or may be barred by the applicable statute(s) of repose.

## FOR A TWENTY-SEVENTH DEFENSE
### (UNCONSTITUTIONALITY OF PUNITIVE DAMAGES)

105.    The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

106.    Carl Catoe Construction, Inc. alleges that the imposition and awarding of punitive damages in this case denies Carl Catoe Construction, Inc. Due Process of Law and is unconstitutional and a denial of Carl Catoe Construction, Inc.'s constitutional rights and is contrary to the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America and Article I, Sections 3, 13, and 15 of the Constitution of the State of South Carolina.

## FOR A TWENTY-EIGHTH DEFENSE
### (PUNITIVE DAMAGES CAPS)

107.    The allegations of the preceding defenses are re-alleged and incorporated by reference insofar as they are consistent.

108.    Defendant asserts all protections set forth in S.C. Code Ann. §§ 15-32-520 and 15-32-530, and Defendant further asserts any and all additional statutory caps and limitations to punitive damages as laid out pursuant to South Carolina statutory law and caselaw.

ELECTRONICALLY FILED - 2021 Jun 23 10:26 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0400996

## FOR A TWENTY-NINTH DEFENSE
### (RESERVATION OF DEFENSES)

109.    This matter is in its infancy, and this Answering Defendant reserves the right to assert any additional and further defenses, crossclaims, or third-party claims as may be revealed by additional information received or uncovered through the discovery process.

WHEREFORE, Defendant Carl Catoe Construction, Inc., having fully answered the Complaint of Plaintiff, prays that this Court:

1.    Dismiss Plaintiff's Complaint as to Carl Catoe Construction, Inc. with prejudice;

2.    Award Carl Catoe Construction, Inc. the costs of defending this action; and

3.    Award Carl Catoe Construction, Inc. such other and further relief as the Court deems just and proper.

THE WARD LAW FIRM, P.A.

*s/John E. Rogers, II*

John E. Rogers, II (SC Bar # 72779)
C. Reed Teague (SC Bar # 79933)
P.O. Box 5663
Spartanburg, SC 29304
864-591-2340
864-585-3090 Fax
Email: jrogers@wardfirm.com
        rteague@wardfirm.com

&

ANDERSON REYNOLDS AND STEPHENS

s/

Jonathan J. Anderson, Esquire
Jonathan L. Anderson, Esquire
PO Box 87
Charleston, SC  29402
843-723-0185
janderson@arslawsc.com
landerson@arslawsc.com

Attorneys for Carl Catoe Construction, Inc.

Dated:  June 23, 2021