IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Trehel Corporation, | ) | C/A No. 8:21-cv-01962-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| National Fire and Marine Insurance | ) | |
| Company; First Specialty Insurance | ) | |
| Corp.; Frankenmuth Mutual Insurance | ) | |
| Company; Employers Insurance | ) | |
| Company of Wausau; Liberty Mutual | ) | |
| Fire Insurance Company; Navigators | ) | |
| Specialty Insurance Company; Peleus | ) | |
| Insurance Company; Nationwide Mutual | ) | |
| Fire Insurance Company; Atain | ) | |
| Specialty Insurance Company f/k/a/ | ) | |
| USF Insurance; Selective Insurance | ) | |
| Company of South Carolina; American | ) | |
| Guarantee and Liability Insurance | ) | |
| Company; Carl Catoe Construction, | ) | |
| Inc.; Environmental Materials, LLC | ) | |
| d/b/a Environmental Stoneworks; P&L | ) | |
| Enterprises, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant Frankenmuth Mutual Insurance Company's ("Frankenmuth") Motion to Realign Subcontractor Defendants as Plaintiffs and Plaintiff Trehel Corporation's ("Trehel") Motion to Remand to State Court. ECF Nos. 4, 26. Trehel filed a Response in Opposition to Frankenmuth's Motion to Realign. ECF No. 25. Frankenmuth filed a Response in Opposition to Trehel's Motion to Remand. ECF

No. 37.[1]  Defendant National Fire and Marine Insurance Company filed a separate Response in Opposition to Trehel's Motion to Remand and a Reply to Trehel's Response on the Motion to Realign.  ECF Nos. 47, 48.  Trehel filed a Reply to Frankenmuth's Response on the Motion to Remand.  ECF No. 50.  For the reasons set forth below, the Court grants Frankenmuth's Motion to Realign and denies Trehel's Motion to Remand without prejudice.

## BACKGROUND

This case is an insurance coverage dispute arising out of an underlying construction defect action (the "Underlying Action") filed in the Anderson County Court of Common Pleas.[2]  In the Underlying Action, Trehel, along with Defendants Carl Catoe Construction, Inc.; Environmental Materials, LLC d/b/a Environmental Stoneworks; and P&L Enterprises, LLC (collectively, "Subcontractor Defendants") have been sued for

---

[1] Defendants First Specialty Insurance Corp., Employers Insurance Company of Wausau, Liberty Mutual Fire Insurance Company, Navigators Specialty Insurance Company, Peleus Insurance Company, Nationwide Mutual Fire Insurance Company, Atain Specialty Insurance Company f/k/a USF Insurance, Selective Insurance Company of South Carolina, and American Guarantee and Liability Insurance Company joined Frankenmuth's Response in Opposition to Trehel's Motion to Remand.  ECF No. 37 at 1.

[2] *Overlook Horizontal Property Regime Homeowner's Association, Inc. and Kenneth Cochran and Miki Cochran, on behalf of themselves and other similarly situated v. Trehel Corporation, Outerbanks of Lake Hartwell, Signature Architects, LLC, Environmental Materials, LLC d/b/a Environmental Stoneworks, John Does 2–20, Carl Catoe Construction, Inc. n/k/a Ellis Homes, LLC, Builders Firstsource Southeast Group, LLC, P&L Enterprises, LLC, Diego Avalos-Rojas, Iris Morales, Marco Antonio Hernandez Vidales, Gerardo Ochoa Munoz, Valentin Morales Jimenez, Tabares Incorporated, Adan Castro, Herberto Aureo Arcos Hernandez a/k/a Herblio Arcos Hernandez, Delfino Jacobo Mares, Delfino Construction, Ambrosio Martinez-Ramirez a/k/a Ambrocio Martinez-Ramirez, Javier Francisco Zarate a/k/a Francisco Javier Zarate d/b/a Zarate Construction, Luis Sierra a/k/a Luis Lopez Sierra, Sergio Vargas, Rodolfo Cruz, VMS Construction, Martin's Roofing, Jamie Padilla, John Does 38–40, and John Does 41–50,* Civil Action No. 2018-CP-04-01787, pending in the Court of Common Pleas, Anderson County, South Carolina.

alleged defects in the construction of a condominium development, Overlook Condominiums, located in Anderson, South Carolina. ECF No. 1-1 at 7. Defendants National Fire and Marine Insurance Company, First Specialty Insurance Corp., Frankenmuth Mutual Insurance Company, Employers Insurance Company of Wausau, Liberty Mutual Fire Insurance Company, Navigators Specialty Insurance Company, Peleus Insurance Company, Nationwide Mutual Fire Insurance Company, Atain Specialty Insurance Company f/k/a/ USF Insurance, Selective Insurance Company of South Carolina, and American Guarantee and Liability Insurance Company (collectively, "Insurer Defendants") were not named as defendants in the Underlying Action.

On May 27, 2021, Trehel filed this declaratory judgment action in state court against Insurer Defendants and Subcontractor Defendants seeking coverage under Subcontractor Defendants' insurance policies issued by Insurer Defendants (the "Coverage Action"). ECF No. 1-1. In its Complaint, Trehel alleges that each of the Subcontractor Defendants entered into a subcontract with Trehel to perform certain work on the Overlook Condominium project, and the subcontract required the Subcontractor Defendants to "[m]aintain commercial general liability insurance coverage," "[n]ame Trehel as an additional insured on the insurance policies," and "[d]efend, indemnify and hold harmless Trehel with respect to any claims asserted against it arising out of the work on the [p]roject." ECF No. 1-1 at 7. While the Underlying Action remains pending in state court, Trehel seeks a declaration that: "the Underlying Action sets forth claims that are covered under additional insured provisions and/or contractual indemnity provisions under each of the [p]olicies"; Insurer Defendants "have an immediate duty to defend and indemnify Trehel with respect to the Underlying Action"; and Insurer Defendants "have

failed to adequately reserve the right to contest coverage under the [p]olicies and are thus precluded from doing so."[3]  *Id.* at 10.  The Complaint does not seek any relief from Subcontractor Defendants or any declaration as to Subcontractor Defendants' duties to Trehel.

On June 30, 2021, Frankenmuth removed the Coverage Action to this Court.  ECF Nos. 1.  At the time of removal, complete diversity of the parties did not exist;[4] thus, Frankenmuth moved to realign the Subcontractor Defendants as Plaintiffs, which it contends will create the diversity necessary for removal.  ECF No. 4.  Frankenmuth received the consent of Insurer Defendants but not Subcontractor Defendants for removal of this case to federal court.  ECF Nos. 1 at 2; 4 at 6–7.

## APPLICABLE LAW

Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when they have been given the authority to do so by the Constitution and by federal statute.  *In re Bulldog Trucking, Inc.*, 147 F. 3d 347, 352 (1998).  The right to remove a case to federal court derives solely from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  However, "[a] civil action otherwise removable solely on the basis

---

[3] Trehel also alleges claims for breach of contract, bad faith, and indemnity/contribution.  ECF No. 1-1 at 11–12.

[4] Carl Catoe Construction, Inc., is a corporation organized and existing pursuant to the laws of the State of South Carolina and conducted business in Anderson County, South Carolina.  ECF No. 1-1 at 6.  P&L Enterprises and Environmental Stoneworks are limited liability companies organized and existing pursuant to the laws of the State of Delaware and conducted business in Anderson County, South Carolina.  *Id.*

4

of [diversity] jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

"The Supreme Court has construed these statutes to require all defendants in a case to join in or consent to removal."  *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013).  "However, federal courts have recognized exceptions to this requirement, such as through a realignment of defendants as plaintiffs."  *Fenwick Commons Homeowners Ass'n Inc. v. Pa. Nat'l Mut. Cas. Ins. Co.*, 2019 WL 1760150, at *2 (D.S.C. Apr. 22, 2019); *see Wayne J. Griffin Elec., Inc. v. Travelers Prop. Cas. Co. of Am.*, 2014 WL 842983, at *6 (M.D.N.C. Mar. 4, 2014) (deeming defendants' lack of consent to removal immaterial after decision to realign); *see also Lott v. Scottsdale Ins. Co.*, 811 F.Supp.2d 1220, 1222 n.2 (E.D. Va. 2011) (noting defendants were not required to consent to removal given their realignment as plaintiffs for jurisdictional purposes).

Remand of a case to state court following removal is governed by 28 U.S.C. § 1447(c) and (d).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is placed on the party seeking removal."  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).  "Because removal jurisdiction raises significant federalism concerns," courts "must strictly construe removal jurisdiction."  *Id.* at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)).  Thus, remand is necessary if federal jurisdiction is doubtful.  *Id.* (citing *In re*

*Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)).

## DISCUSSION

### I. Realignment of Parties

Frankenmuth has removed this case based on diversity jurisdiction. Because complete diversity of the parties is lacking, Frankenmuth asks this Court to realign Subcontractor Defendants as Plaintiffs. ECF No. 4 at 6. Specifically, Frankenmuth claims that Subcontractor Defendants' interests in the Coverage Action are aligned with Trehel's interests because Trehel is seeking coverage from Insurer Defendants under Subcontractor Defendants' insurance policies, and it is in the Subcontractor Defendants' best interest for coverage to apply to Trehel. *Id.* at 6–9. Should the Court grant its Motion, Frankenmuth contends consent from Subcontractor Defendants for removal is not required and diversity jurisdiction will then exist.[5] ECF Nos. 4 at 9, 37 at 9–11.

The Fourth Circuit applies the two-step "principal purpose" test to determine whether to realign parties. *U.S. Fid. & Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131, 133 (4th Cir. 1995). Under this test, "the court must determine the primary issue in the controversy." *Id.* Then, "the court should align the parties according to their positions with respect to the primary issue." *Id.* "In a declaratory judgment action involving an insurance company's policy coverage, the parties' interests are generally aligned based on whether they believe there is coverage of the damages that might underlie the claims for insurance." *Fenwick*, 2019 WL 1760150, at *3 (citing *Crout v. United Fin. Cas. Co.*,

---

[5] It appears that the parties do not dispute that the amount in controversy exceeds $75,000.

6

2010 WL 2998500, at *2 (D.S.C. July 28, 2010)); *see also Marsh v. Cincinnati Ins. Co.*, 2008 WL 4614289, at *2 (D.S.C. Oct. 15, 2008) (realigning defendants as plaintiffs where their positions regarding whether the court should find coverage under an insurance policy were the same).  Thus, the Court must consider whether Subcontractor Defendants have an interest similar to Trehel's in having the Court declare that Insurer Defendants' insurance policies provide coverage for the claims in the Underlying Action.

Applying the principal purpose test to the facts of this case, the Court finds that the Subcontractor Defendants have been named as defendants in the Underlying Action as well as in the current Coverage Action.  Indeed, they are named as defendants along with Trehel in the Underlying Action.  Consequently, Subcontractor Defendants have the same interest in the current action—establishing that the policies issued to them by Insurer Defendants provide coverage for the claims brought against them in the Underlying Action.  Moreover, Trehel does not bring any claims against Subcontractor Defendants in this Coverage Action and does not seek any relief from them.  Instead, Trehel asks the Court to issue a declaratory judgment that Insurer Defendants are obligated to defend and indemnify it for the claims made in the Underlying Action.  Accordingly, the Court grants Frankenmuth's Motion to Realign Subcontractor Defendants as Plaintiffs.  As a result of this realignment, Subcontractor Defendants' consent is not required for removal.

**II. Motion to Remand**

Trehel objects to Frankenmuth's removal of this Coverage Action to federal court and moves to remand the case back to state court.  ECF No. 26.  Trehel argues that the parties were not completely diverse as initially pleaded, and Frankenmuth seeks to realign

7

the parties to create diversity jurisdiction where none previously existed.[6] *Id.* at 3. Trehel further contends that the Subcontractor Defendants did not consent to removal as required, constituting a procedural defect. *Id.* Moreover, Trehel claims realignment of the parties is improper in this case because Subcontractor Defendants' interests are adverse rather than aligned with Trehel because a determination that Trehel is owed a defense by Insurer Defendants would adversely impact Subcontractor Defendants' ability to defend themselves against Trehel's crossclaims in the Underlying Action. ECF No. 25 at 5. For the reasons previously stated, the Court finds realignment of the Subcontractor Defendants as Plaintiffs proper in this case. Accordingly, the Court declines to remand the case to state court based on any alleged procedural defect in Frankenmuth's removal of the case to this Court.

The Court recognizes, however, that it has the discretion to abstain from exercising jurisdiction over declaratory judgment claims. *See United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998) (noting "district courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions" (quoting *Aetna Cas. & Sur. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998))). In fact, "a district court's discretion 'is especially crucial when, as here, a parallel or related proceeding is pending in state court.'" *Bi-Lo, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2014 WL 12605522,

---

[6] Although realignment of the parties often destroys diversity, it may also create diversity. *See Travelers Prop. Cas. Co. of Am. v. M.B. Kahn Constr. Co.*, 2021 WL 1177861, at *18 (D.S.C. Mar. 29, 2021) (noting that a "well-known treatise has concluded that realignment creating diversity occurs less often than realignment defeating diversity"); *see also* 20 Charles Alan Wright and Mary Kay Kane, *Federal Practice and Procedure* § 32 (2d ed. Apr. 2019) ("Usually the realignment of parties, when required, will have the effect of defeating jurisdiction."); *id.* (noting realignment may create diversity "in a removed action in which the removing party asks for realignment to justify the removal").

at *8 (D.S.C. Apr. 30, 2014) (quoting *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 297 (4th Cir. 2005)).  In determining whether to exercise its discretion under the Declaratory Judgment Act, the Court must consider the following four factors:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of 'overlapping issues of fact or law' might create unnecessary 'entanglement' between the state and federal courts; and (4) whether the federal action is mere 'procedural fencing,' in the sense that the action is merely the product of forum-shopping.

*Kapiloff*, 155 F.3d at 493–94 (quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)).

Here, the first factor weighs equally in favor of the court exercising and abstaining from jurisdiction.  The issue in the Coverage Action is whether Subcontractor Defendants' insurance policies issued by Insurer Defendants will cover and indemnify Trehel against the claims in the Underlying Action.  While the insurance coverage issues are governed by state law, the questions of law involve standard contract interpretation and are not difficult, complex, or unsettled to warrant declining to exercise jurisdiction.  *See id.* at 494 (noting that in interpreting an insurance policy, "[a] federal court would be unlikely to break new ground or be faced with novel issues of state interest").

In analyzing the second factor, the Court finds this issue would not be better resolved in the Underlying Action.  Under this factor, the Court must decide "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).  This inquiry may include "whether the claims of all parties in interest

can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding." *Id.* In this case, the coverage issue is not a question for resolution in the Underlying Action. Rather, the Underlying Action is a construction defect action and does not include any declaratory judgment claim against Insurer Defendants to indemnify Trehel. Thus, this Coverage Action could not be any more efficiently resolved in state court.

The third factor also weighs in favor of exercising jurisdiction over the Coverage Action. In evaluating this factor, the Court must determine "whether the presence of 'overlapping issues of fact or law' might create unnecessary 'entanglement' between the state and federal courts." *Kapiloff*, 155 F.3d at 494 (quoting *Nautilus*, 15 F.3d at 377). Entanglement may occur when the issues in the Coverage Action are also being litigated by the same parties in the Underlying Action in state court. Here, Insurer Defendants are not named in the Underlying Action. Consequently, any issues regarding their rights or obligations under the insurance policies are not likely to be addressed in the Underlying Action. Indeed, the question before this Court is whether the claims alleged against Trehel and Subcontractor Defendants in the Underlying Action are covered by the insurance policies issued by Insurer Defendants. Because this issue is a purely legal question, the Court will likely not be required to make any factual findings that would adversely affect or conflict with the state court's decision-making process in the Underlying Action. However, the Court reserves the right to revisit this Order and to abstain from hearing the case if, during the course of the litigation, the Court needs to make any factual or legal findings that would impede the state court's resolution of the Underlying Action.

Lastly, the Court finds there is no evidence in the record that this action is being used as a device for procedural fencing. Not only are the issues in this Coverage Action different from the Underlying Action, but this action was filed separately and independently to determine whether Trehel will be indemnified if it is found liable in the Underlying Action. Therefore, this fourth factor weighs in favor of exercising jurisdiction.

After considering the facts and circumstances of this case as well as the four factors for exercising discretion in asserting jurisdiction under the Declaratory Judgment Act, the Court finds that it should exercise jurisdiction over this case. However, it reserves the right to reconsider abstention if it becomes necessary.

## CONCLUSION

For the reasons set forth above, Frankenmuth's Motion to Realign Subcontractor Defendants as Plaintiffs [4] is **GRANTED**, and Trehel's Motion to Remand to State Court [26] is **DENIED** without prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

December 17, 2021
Spartanburg, South Carolina