IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Trehel Corporation, | ) | C/A No. 8:21-cv-01962-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| National Fire and Marine Insurance Company; First Specialty Insurance Corp.; Frankenmuth Mutual Insurance Company; Employers Insurance Company of Wausau; Liberty Mutual Fire Insurance Company; Navigators Specialty Insurance Company; Peleus Insurance Company; Nationwide Mutual Fire Insurance Company; Atain Specialty Insurance Company f/k/a/ USF Insurance; Selective Insurance Company of South Carolina; American Guarantee and Liability Insurance Company; Carl Catoe Construction, Inc.; Environmental Materials, LLC d/b/a Environmental Stoneworks; P&L Enterprises, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant Atain Specialty Insurance Company f/k/a USF Insurance's ("Atain") Motion to Dismiss. ECF No. 27. Plaintiff Trehel Corporation ("Trehel") filed a Response in Opposition, and Atain filed a Reply. ECF Nos. 52, 58. For the reasons set forth below, the Court grants in part and denies in part Atain's Motion to Dismiss.

1

**BACKGROUND**

This case is an insurance coverage dispute arising out of an underlying construction defect action (the "Underlying Action") filed in the Anderson County Court of Common Pleas.[1]  In the Underlying Action, Trehel, along with Defendants Carl Catoe Construction, Inc.; Environmental Materials, LLC d/b/a Environmental Stoneworks; and P&L Enterprises, LLC ("P&L") (collectively, "Subcontractor Defendants") have been sued for alleged defects in the construction of a condominium development, Overlook Condominiums, located in Anderson, South Carolina.  ECF No. 1-1 at 7.  Defendants National Fire and Marine Insurance Company, First Specialty Insurance Corp., Frankenmuth Mutual Insurance Company ("Frankenmuth"), Employers Insurance Company of Wausau, Liberty Mutual Fire Insurance Company, Navigators Specialty Insurance Company, Peleus Insurance Company, Nationwide Mutual Fire Insurance Company, Atain, Selective Insurance Company of South Carolina, and American Guarantee and Liability Insurance Company (collectively, "Insurer Defendants") were not named as defendants in the Underlying Action.

---

[1] *Overlook Horizontal Property Regime Homeowner's Association, Inc. and Kenneth Cochran and Miki Cochran, on behalf of themselves and other similarly situated v. Trehel Corporation, Outerbanks of Lake Hartwell, Signature Architects, LLC, Environmental Materials, LLC d/b/a Environmental Stoneworks, John Does 2–20, Carl Catoe Construction, Inc. n/k/a Ellis Homes, LLC, Builders Firstsource Southeast Group, LLC, P&L Enterprises, LLC, Diego Avalos-Rojas, Iris Morales, Marco Antonio Hernandez Vidales, Gerardo Ochoa Munoz, Valentin Morales Jimenez, Tabares Incorporated, Adan Castro, Herberto Aureo Arcos Hernandez a/k/a Herblio Arcos Hernandez, Delfino Jacobo Mares, Delfino Construction, Ambrosio Martinez-Ramirez a/k/a Ambrocio Martinez-Ramirez, Javier Francisco Zarate a/k/a Francisco Javier Zarate d/b/a Zarate Construction, Luis Sierra a/k/a Luis Lopez Sierra, Sergio Vargas, Rodolfo Cruz, VMS Construction, Martin's Roofing, Jamie Padilla, John Does 38–40, and John Does 41–50*, Civil Action No. 2018-CP-04-01787, pending in the Court of Common Pleas, Anderson County, South Carolina.

On May 27, 2021, Trehel filed this action in state court against Insurer Defendants and Subcontractor Defendants seeking coverage under Subcontractor Defendants' insurance policies issued by Insurer Defendants (the "Coverage Action").  ECF No. 1-1. In its Complaint, Trehel alleges that each of the Subcontractor Defendants entered into a subcontract with Trehel to perform certain work on the Overlook Condominium project, and the subcontract required the Subcontractor Defendants to "[m]aintain commercial general liability insurance coverage . . . [n]ame Trehel as an additional insured on the insurance policies [and] [d]efend, indemnify and hold harmless Trehel with respect to any claims asserted against it arising out of the work on the [p]roject."  ECF No. 1-1 at 7. Trehel alleges causes of action against all Defendants for a declaratory judgment, breach of contract, bad faith, and indemnity/contribution.  *Id.* at 7–10.

On June 30, 2021, Frankenmuth removed the Coverage Action to this Court.  ECF Nos. 1.  At the time of removal, complete diversity of the parties did not exist;[2] thus, Frankenmuth moved to realign the Subcontractor Defendants as Plaintiffs, and Trehel moved to remand the case to state court.  ECF Nos. 4, 26.  This Court granted Frankenmuth's Motion to Realign and denied Trehel's Motion to Remand.  ECF No. 67.

Thereafter, Atain filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 21, 2021.  ECF No. 27.  Trehel filed a Response in Opposition, and Atain filed a Reply.  ECF Nos. 52, 58.  The Motion is now before the Court.

---

[2] Carl Catoe Construction, Inc., is a corporation organized and existing pursuant to the laws of the State of South Carolina and conducted business in Anderson County, South Carolina. ECF No. 1-1 at 6.  P&L and Environmental Stoneworks are limited liability companies organized and existing pursuant to the laws of the State of Delaware and conducted business in Anderson County, South Carolina.  *Id.*

3

**APPLICABLE LAW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**DISCUSSION**

**I. The Policy**

Atain issued an insurance policy to P&L, one of Trehel's subcontractors on the Overlook Condominium Project, as the sole named insured, effective July 30, 2008, through July 30, 2009 ("the Policy"). ECF Nos. 27 at 2; 27-1 (Exhibit A - Policy No. LGBL64551). The Policy provides that Atain "will pay those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage' to which this insurance applies. [Atain] will have the right and duty to defend the insured against any 'suit' seeking those damages." ECF No. 27-1 at 10. The Policy states that the "insurance applies to . . . 'property damage' only if: (1) The . . . 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory'; (2) The . . . 'property damage' occurs during the policy period; and (3) Prior to the policy period, no insured . . . knew that the . . . 'property damage' had occurred, in whole or in part." *Id.* The Policy defines "property damage" as "[p]hysical injury to tangible property, including all resulting loss of use of that property" or "[l]oss of use of tangible property that is not physically injured." *Id.* at 24.

Generally, contractual liability for damages is excluded from coverage under the Policy, unless such liability for damages is

> [a]ssumed in a contract or agreement that is an 'insured contract,' provided that the . . . "property damage" occurs subsequent to the execution of the contract or agreement. Solely for purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of . . . "property damage," provided:

5

>(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract'"; and
>
>(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

*Id.* at 11.  The Policy defines "insured contract" as

>[t]hat part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for . . . "property damage" to a third person or organization.

*Id.* at 22, 33.

In addition, the Policy includes a Supplementary Payments Provision, which states in part:

>If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit," we will defend that indemnitee if all of the following conditions are met:
>
>a. The "suit" against the indemnitee seeks damages for which the insured has assumed liability of the indemnitee in a contract or agreement that is an "insured contract";
>
>b. This insurance applies to such liability assumed by the insured;
>
>c. The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";
>
>d. The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee; [and]
>
>e. The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and

6

>agree that we can assign the same counsel to defend the insured and the indemnitee . . . .

*Id.* at 17.

Moreover, an endorsement amends the Policy "to include as an *additional insured* any person or organization for whom you are performing operations when you and such person have agreed in writing in a contract or agreement that such person be added as an additional insured on your policy." *Id.* at 28 (emphasis added). The endorsement further states that "[s]uch person or organization is an additional insured only with respect to liability for . . . 'property damage' . . . caused, in whole or in part, by : 1. Your acts or omissions; or 2. The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured." *Id.*

However, "[a] person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed." *Id.* Under the Policy, work is "deemed completed at the earliest of the following times: (a) When all of the work called for in your contract has been completed; (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site; (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project." *Id.* at 24.

## II. Theories for Insurance Coverage

### A. Additional Insured

Atain contends that Trehel is not an additional insured under the Policy because P&L was not engaged in any ongoing operations when the Policy was in effect. ECF No. 27 at 16. In other words, because P&L's operations at the Overlook Condominium Project

7

were completed prior to the effective date of the Policy, Atain argues Trehel cannot claim any coverage as an additional insured.  *See id.*  Specifically, the Complaint alleges that the condominium development was constructed between 2005 and 2006, while the Policy indicates that it was effective from July 30, 2008, through July 30, 2009.  ECF Nos. 1 at 5; 27-1 at 40.  Thus, Atain claims there can be no possibility of additional insured coverage.  ECF No. 21 at 17.  Although the Policy contains an endorsement providing additional insured coverage for completed operations, Atain asserts the endorsement applies only to those persons or organizations specifically listed on the form, and because Trehel is not listed, it does not qualify for this coverage.  *Id.* at 19–20.

In contrast, Trehel contends that its subcontract with P&L specifically required P&L to name Trehel as an additional insured in its insurance policies for its work on the Overlook Condominium Project.  ECF No. 52 at 3.  Trehel claims that because P&L agreed in writing in the subcontract that Trehel would be added as an additional insured on P&L's policy, Trehel qualifies as an additional insured under the Policy.  *Id.* at 6.

Having reviewed the arguments and submissions of the parties, the Court finds Trehel has sufficiently alleged that it qualifies an additional insured.  Because the parties entered into a subcontract in which P&L agreed to add Trehel as an additional insured on the Policy, Trehel has satisfied the Policy's requirements to be added as an additional insured.  However, because Trehel's status as an additional insured ended upon completion of the condominium project under the plain terms of the Policy, Trehel cannot claim coverage under this theory.  Accordingly, Atain's Motion to Dismiss is granted as to this theory of recovery.

## B. Insured Contract

Atain contends that Trehel cannot receive coverage as a contractual indemnitee because no insured contract exists. ECF No. 27 at 22. Specifically, Atain argues that there is no executed subcontract between Trehel and P&L to entitle Trehel to coverage under an insured contract. *Id.* At the outset, Atain claims the Policy excludes coverage for any tort liability of a third person that P&L has agreed to assume in a contract or agreement. *Id.* at 23. Alternatively, Atain asserts that the insured contract exception to the contractual liability exclusion does not apply because there is no executed written contract between P&L and Trehel. *Id.* Because Atain believes that an insured contract does not exist, Atain also argues that there is nothing to indicate that any insured contract was executed prior to the alleged property damage, as required by the Policy.[3] *Id.*

Atain relies on *Dan Ryan Builders West Virginia, LLC v. Main Street America Assurance Company*, 452 F.Supp.3d 338 (D.S.C. Apr. 3, 2020), for the proposition that the subcontract in this case between Trehel and P&L was not executed because P&L did not sign the document, and thus, cannot qualify for coverage pursuant to an insured

---

[3] In addition, Atain argues that under the Supplementary Payments provision of the Policy, Trehel does not meet the qualifications for contractual indemnity coverage. ECF No. 27 at 24. Specifically, Atain contends the lack of any insured contract bars coverage. *Id.* Atain also claims the express conditions under that provision have not been met. *Id.* For example, Atain asserts Trehel is in conflict with P&L such that Atain cannot defend both parties, and even if no conflict exists, there is no agreement between Trehel and P&L to share counsel. *See id.* As discussed further below, the Court finds Trehel has sufficiently alleged the existence of an insured contract. Moreover, this Court has previously determined that the interests of Trehel and P&L are the same in this litigation such that realignment of P&L, and the other Subcontractor Defendants, as Plaintiffs was warranted. ECF No. 67 at 7. Accordingly, the Court finds Atain's arguments unpersuasive. Further, the conditions listed in the provision arguably have not been triggered. Therefore, Trehel's purported failure to meet those conditions before now does not prevent Trehel from claiming coverage and defense from Atain.

9

contract under the Policy. ECF No. 58 at 8. In *Dan Ryan*, the court analyzed several definitions for the word "execute" and determined that "execute," under the facts of that case, meant "brought into its final, legally enforceable form." 452 F.Supp.3d at 348. Because the subcontract required by its own terms that it be executed by the Contractor and the Subcontractor to become valid and effective, the court found that the subcontract required that it be signed by both parties to become enforceable. *Id.* at 349. The subcontract was not signed by either the Contractor or Subcontractor; therefore, the court determined that the subcontract was unenforceable by its own terms and did not satisfy the requirements of the insurance policy to qualify for coverage. *Id.* at 349–50.

On the other hand, Trehel contends that the subcontract between it and P&L qualifies as an insured contract because it includes insurance requirements whereby P&L would assume Trehel's tort liability arising from its work on the condominium project as well as indemnifying Trehel for its liabilities, losses, and expenses (including attorney's fees) arising out of P&L's work. ECF No. 52 at 9–12. Trehel also alleges that the subcontract was executed at the time P&L began working on the project and before any property damage occurred. *Id.* at 13. Trehel further argues that *Dan Ryan* is distinguishable from this case because there, the subcontract required execution—i.e., signatures—by its own terms, whereas the subcontract here does not have any execution or signature requirement. *Id.* at 8–9. Otherwise, Trehel contends the court's reasoning in *Dan Ryan* supports its position because the court did not agree that the insurance policy required execution through signature to qualify for coverage. *See id.* at 8 (citing *Dan Ryan*, 462 F.Supp.3d at 347–48). Instead, the court determined that the subcontract would be deemed "executed" under the policy "if and when it was made binding through

10

the assent of each party." 462 F.Supp.3d at 348–49. Therefore, Trehel claims the subcontract was executed at the time of mutual assent, which would have been at the time P&L began performing the work. ECF No. 52 at 13.

Having reviewed the arguments and submissions of the parties, the Court finds that Trehel has sufficiently alleged the existence of a subcontract between Trehel and P&L and has also sufficiently alleged that the subcontract satisfies the requirements for coverage as an insured contract under the Policy. The Court agrees with Trehel that the fact that a P&L representative did not sign the subcontract does not render it unenforceable. Indeed, Atain does not dispute that P&L performed the duties of a subcontractor for Trehel on the condominium project. Thus, the Court finds P&L sufficiently executed the subcontract through its performance of work on the project for purposes of qualifying as an insured contract under the Policy. *See M.B. Kahn Constr. Co. v. Crain*, 71 S.E.2d 503, 504 (S.C. 1952) ("Moreover, 'executed' as applied to a contract ordinarily means one which has been fully performed[.]"). The Court also notes that this case is distinguishable from *Dan Ryan* because Trehel, the Contractor, signed the subcontract on September 19, 2005, whereas neither the contractor nor subcontractor signed the subcontract at issue in *Dan Ryan*. ECF No. 52-1 at 3. The date of the subcontract also confirms that it was executed prior to any alleged property damage, as required by the Policy. *Id.* Moreover, the subcontract imposes insurance and indemnification requirements on P&L for tort liability arising from its work on the condominium project. Therefore, the Court finds Trehel has sufficiently alleged the existence of a contract to qualify for coverage pursuant to an insured contract under the Policy. Accordingly, Atain's Motion to Dismiss is denied as to this theory of recovery.

**III. Trehel's Claims against Atain**

Atain contends that Trehel's claims for breach of contract and bad faith must be dismissed because Trehel cannot establish that it qualifies as an additional insured under the Policy nor that any insured contract exists to provide coverage. ECF No. 27 at 21–25. As discussed above, the Court finds Trehel has sufficiently alleged the existence of an insured contract to qualify for coverage under the Policy. Therefore, the Court will review these claims in turn.

First, Trehel alleges that it demanded that Atain defend and indemnify Trehel for the claims against it in the Underlying Action. ECF No. 1-1 at 11. Trehel claims Atain either improperly denied or failed to acknowledge its request for coverage and defense, and thus, breached its obligations under the Policy, resulting in damage in the amount of Trehel's defense fees and costs. *Id.* "To recover for a breach of contract, the party asserting the claim must allege and prove: 1) a binding contract entered into by the parties; 2) breach or unjustifiable failure to perform the contract; and 3) damage suffered by the claiming party as a direct and proximate result of the breach." *Davies v. WTD Holdings, Inc.*, C.A. No. 3:19-cv-02122-JMC, 2020 WL 1703895, at *2 (D.S.C. Apr. 8, 2020). Based on the Court's finding above that Trehel has sufficiently alleged coverage under the Policy based on an insured contract with P&L, the Court finds Trehel has alleged the existence of a binding contract—the Policy—entered into between the parties. In addition, Trehel's allegation that Atain refused to provide coverage and defense to Trehel in the Underlying Action satisfies the breach requirement for a breach of contract claim. Finally, the Court finds Trehel has alleged damages resulting from the breach in having to incur the expense of its own defense in the Underlying Action. Accordingly, the

Court finds Trehel has alleged facts sufficient to state a claim for breach of contract and denies Atain's Motion to Dismiss as to this claim.

Second, Trehel alleges that Atain owed a duty to fully and properly investigate its claim and to defend and indemnify it for the claims asserted in the Underlying Action; that Atain owed a duty of good faith and fair dealing not only in paying Trehel's claim but also in the manner in which the claim was processed and handled; and that Atain breached its duty by unreasonably failing to defend Trehel and failing to respond to Trehel's request for defense, indemnity, and coverage.  ECF No. 1 at 9–10.  As a result, Trehel argues Atain's conduct constitutes bad faith resulting in damages.  *Id.* at 10.

The elements of a bad faith refusal to pay a benefits claim are as follows,

> (1) the existence of a mutually binding contract of insurance; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured.

*Cock-N-Bull Steak House v. Generali Ins. Co.*, 466 S.E.2d 727, 730 (S.C. 1996).  Here, the Court finds Trehel has alleged facts sufficient to state a claim for bad faith.  As discussed above, Trehel has alleged coverage under the Policy, resulting in the existence of a mutually binding contract of insurance.  Also as noted above, Trehel alleged a refusal by Atain to pay benefits due under the Policy, which Trehel claims resulted from Atain's bad faith or unreasonable action in breach of the Policy and that this breach resulted in damage to Trehel.  Accordingly, the Court finds Trehel has alleged facts sufficient to state

a claim for bad faith at this procedural posture and denies Atain's Motion to Dismiss as to this claim.[4]

## **CONCLUSION**

For the reasons set forth above, Atain's Motion to Dismiss [27] is **GRANTED IN PART AND DENIED IN PART**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

March 15, 2022<br>
Spartanburg, South Carolina

---

[4] Atain does not make any arguments with respect to Trehel's claim for a declaratory judgment and for indemnification/contribution. Therefore, there is no Motion to Dismiss before the Court as to these claims. Accordingly, the claims will proceed in the case.